CHARLES B. LINTON, Respondent, *v.* THE UNEXCELLED FIRE-WORKS COMPANY, Appellant.

124     533
77 AD'318

The law will not assume that a servant has been derelict in duty simply from the fact that his employer has discharged him before the expiration of the term of employment, and in an action by him for a breach of the contract of employment, upon proof that he was discharged while engaged in the performance of the contract, and before his term of service had expired, the burden is cast upon the employer of proving, and hence of alleging, facts in justification of the dismissal. (Code Civ. Pro. § 500.)

A general or specific denial in an answer controverts only material allegations, or such facts as the plaintiff would be compelled to prove to establish his cause of action.

In such an action the complaint set up the contract of employment and alleged that plaintiff entered defendant's employ under it; that before its termination defendant, without right or cause, discharged him. The answer admitted the contract, denied the breach, alleged that plaintiff was discharged for cause, and separately specified twelve acts of plaintiff in alleged violation of the contract. Both parties gave evidence tending to sustain the allegations in their respective pleadings,

and in addition thereto defendant offered to show other acts of misconduct and unfaithful service on the part of plaintiff not alleged in its answer. This was, upon objection, excluded. *Held*, no error.

(Submitted March 20, 1891; decided April 7, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 24, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action to recover damages for an alleged breach of a contract of employment.

By a written agreement between the parties dated June 8, 1887, the plaintiff agreed to faithfully, diligently and to the best of his ability, serve the defendant as superintendent of of its pyrotechnic factories from July 14, 1887, until December 31, 1889, for the sum of $4,000 per year, payable in equal weekly payments. The plaintiff alleged in his complaint that he "entered upon said service and continued therein until on or about February 6, 1889, when the defendant broke the said contract and, without right or cause, discharged" him from its said employment, by reason whereof he sustained damages to the amount of $3,367.

The defendant by its answer, admitted the contract, but denied that it broke the same or that it discharged the plaintiff without cause, and alleged that "the plaintiff was discharged by the defendant on or about the 6th of February, 1889, for cause and because said plaintiff broke and violated said contract, and did not fulfill the terms, conditions and obligations" thereof on his part; that he "did not faithfully and diligently serve the defendant as superintendent of its factories, and did not fill said position to the best of his ability  *  *  *  in this, to wit:" Then followed twelve specifications, separately stated, of acts alleged to have been done by the plaintiff in violation of said agreement, including disobedience of orders, conversion to his own use of defendant's property, conspiracy against its interests and the like.

Evidence was given by the parties tending to sustain the allegations in their respective pleadings, and the jury, upon this conflict of testimony, found for the plaintiff, awarding him all that he claimed.

Further facts are stated in the opinion.

*Leslie W. Russell* for appellant. In this case the plaintiff was bound to prove that the breach came from the defendant. This plaintiff sues for a breach of contract, which is denied, and there is a broad distinction between the right to prove that the breach came from the plaintiff first and the different right to prove the just cause for a discharge. The two are different things, although the same proof in law be sufficient for one as well as the other. (*Schermerhorn* v. *Van Allen*, 18 Barb. 29; *Gleason* v. *Clark*, 9 Cow. 57; 7 East, 479; *Wager* v. *Ide*, 14 Barb. 468.) Bearing in mind that this action is substantially for unliquidated damages, it is certainly admissible, under the general issue, to give in evidence any proof which might tend to mitigate those damages. (*Britton* v. *McCauley*, 1 Abb. Ct. App. Dec. 282; *Thorn* v. *Knapp*, 42 N. Y. 474; *Kniffen* v. *McConnell*, 30 id. 285.)

*Wm. J. Gaynor* for respondent. It was incumbent on the defendant to plead the facts which it proposed to rely upon to justify the discharge. (Wood on Master & Servant, §§ 109, 118.)

VANN, J. Upon the trial of this action the plaintiff read in evidence the contract in question, which provided for his employment by the defendant until December 31, 1889, proved that he was discharged February 6, 1889, while engaged in the performance thereof, showed that after due effort he could not obtain other employment, and rested. Thereupon the defendant introduced evidence tending to support the twelve specifications of misconduct and unfaithful service on the part of the plaintiff set forth in its answer, and in addition thereto offered to show other acts of misconduct and unfaithful service on his part not alleged in the answer. Exceptions to

the ruling of the court excluding this evidence, upon the ground that the facts had not been pleaded, present the main question arising upon this appeal. No effort was made to amend the answer, but the defendant rested, so far as the point under consideration is concerned, upon the strength of its exceptions. The defendant insists that this evidence was competent under its denial of the averment by the plaintiff that the defendant broke the contract, and, without right or cause, discharged him.

The plaintiff did not wait until the expiration of the period for which he was hired and seek to recover under the contract the wages therein agreed upon, but he commenced this action within a few days after his discharge to recover the damages caused thereby. It was necessary for him to aver and prove that he was discharged before his term of service, as provided by the contract, had expired, but it was not necessary that he should, specifically or in express terms, aver or prove that he was discharged without cause, as a discharge before the determination of the stipulated period was *prima facie* a violation of the agreement.

The law will not assume that a servant has been derelict in duty from the fact that his employer discharged him, but upon proof under proper allegations that he was discharged while engaged in the performance of the contract and before his term of service had expired, the burden is cast upon the employer of proving, and hence of alleging, facts in justification of the dismissal. Such a defense confesses the contract and the discharge, but avoids the cause of action by showing new matter which, by the command of the statute, must be pleaded. (Code Civ. Pro. § 500; Code Pro. § 149; *McKyring* v. *Bull*, 16 N. Y. 297.) Any other rule, as was said by this court in the case cited, would "lead to surprises upon the trial, or to an unnecessary extent of preparation." A general or a specific denial controverts only "material" allegations or such facts as the plaintiff would be compelled to prove to establish his cause of action. (*Griffin* v. *Long I. R. R. Co.*, 101 N. Y. 348, 354; *Fox* v. *Turner*, 17 N. Y. S. R. 666.) It does

not put at issue immaterial averments, because the Code does not require that they should be denied. (§ 500.) The language of the statute is that the answer "must contain a * * * denial of each material allegation of the complaint controverted by the defendant," etc. That the plaintiff was discharged before the contract had expired was material. That he was discharged without cause was immaterial, so far as the complaint was concerned, because a recovery could be had without proving it. It was sufficient for the plaintiff to allege a violation of the contract by the defendant. His effort to anticipate and deny any possible defense to his cause of action was surplusage.

Moreover, the main object of a pleading is to notify the adverse party of the facts relied upon by the pleader to constitute a cause of action or a defense. The improvement sought to be effected by the system of pleading provided by the Code was to enable each party to know precisely what he would be required to prove upon the trial. Accordingly, no pleading should be so framed as to mislead or deceive the adverse party by furnishing him only a part of the facts relied upon. Yet this would result from the construction of the pleadings in this action contended for by the defendant, because the effect of a denial that the discharge was without cause, in connection with twelve affirmative specifications of good cause for the discharge, would naturally induce the belief that the acts or omissions so specified were all that the plaintiff would be called upon to meet. It was a fair inference that evidence as to other derelictions was not embraced by the answer and could not be received.

The defendant could not show, as it tried to, acts of gross immorality on the part of the plaintiff, without suggesting them in the answer, although many other wrongful acts of less importance were alleged with great fullness and precision. A party who has, either intentionally or otherwise, led his adversary to believe that certain enumerated acts only would be proved, will not be permitted to prove other acts of which no notice was given.

In a case recently decided by this court, the complaint averred the performance of all the conditions precedent contained in a contract. The answer denied all allegations not thereby admitted and affirmatively alleged that the plaintiff had not performed all the conditions precedent, and enumerated certain things which, as it specifically alleged, showed that the conditions had not all been performed. The court held that, although the denial, "if left by itself, might have made an issue as to each condition precedent in the contract," still the issue was "confined to the particular breaches of condition specifically referred to." (*Reed* v. *Hayt*, 19 J. & S. 121, 128, affirmed on the opinion of the General Term in 109 N. Y. 659.) That case goes farther than is necessary in the decision of the case in hand, because there the averment that the conditions precedent had all been complied with was a substantive part of the complaint, whereas, here, as we have seen, the allegation that the discharge was without cause, was not essential to a recovery by the plaintiff.

We think that the new matter that the defendant sought to prove in confession and avoidance of the contract and the discharge was properly excluded by the trial court upon the ground that it had not been alleged in the answer.

We have examined the other exceptions, but find none that require comment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.