### RAEDER *v.* IBERT.

*(City Court of Brooklyn, General Term.* June 22, 1891.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

    A verdict rendered on conflicting evidence will not be disturbed on appeal.

Appeal from trial term.

Action by John E. Raeder against Frank Ibert. There was a judgment for plaintiff, and defendant appeals.

Argued before CLEMENT and OSBORNE, JJ.

*Moffett & Kramer,* for appellant. *Foster & Stephens,* for respondent.

CLEMENT, J. The defendant employed plaintiff as manager of his business for one year from August 1, 1889, at a salary of $35 per week. On December 17, 1889, plaintiff was discharged from the service of defendant, and thereafter brought this action to recover damages for such discharge. A verdict was rendered at the trial term in favor of plaintiff for the sum of $915. The defendant in his answer alleges two grounds of discharge: *First,* that the plaintiff did not devote all his time to the business of defendant, but engaged in work for himself; and, *secondly,* that the plaintiff did not manage the business properly, and carelessly allowed promissory notes of defendant to be protested, and that plaintiff did not keep the books properly, and failed to enter on the books notes and checks which had been given by defendant. The defendant could not be permitted to show on the trial other grounds for the discharge than those set up in the answer, (*Linton* v. *Fire-Works Co.,* 124 N. Y. 533, 27 N. E. Rep. 406,) and seems to have abandoned on the trial the defense that the plaintiff had engaged in other business while in the employ of defendant. The other ground of discharge was passed upon by the jury on conflicting testimony, and their verdict should not be disturbed. Our attention has not been called to any exception which requires further consideration, and the judgment and order denying a new trial must be affirmed, with costs.