(44 App. Div. 598.)

### BROWNE v. EMPIRE TYPESETTING MACH. CO.

(Supreme Court, Appellate Division, Second Department. November 28, 1899.)

MASTER AND SERVANT—COMPENSATION—PLEADING—COUNTERCLAIM.

> Where a complaint alleged breach of an agreement to pay plaintiff weekly advancements on commissions for sales to be made by him, that if no sales were made defendant should be entitled to repayment of such advances, and that plaintiff had been wrongfully discharged, to which defendant filed a counterclaim containing a general denial, and alleging that the relation of the parties to the contract terminated on a certain day, when plaintiff was indebted to him $775 for advancements, no part of which had been paid, though payment had been demanded, such counterclaim did not state a cause of action, since the mere denial of a wrongful discharge, without an allegation of facts justifying it, is insufficient; and hence the statement that the relation of the parties terminated was not inconsistent with a rescission of the contract, in which event defendant would not be entitled to repayment of the advances, unless provided for in the rescission agreement.

Appeal from special term, Kings county.

Action by Warren C. Browne against the Empire Typesetting Machine Company. From an interlocutory judgment sustaining a demurrer to defendant's amended answer and counterclaim, it appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Hammond Odell, for appellant.
Joseph Center Wight, for respondent.

WILLARD BARTLETT, J. The complaint sets out an agreement between the parties for the employment of the plaintiff by the defendant as a salesman to make sales of its machines for a period of one year from December 31, 1896, unless the contract should be sooner terminated as therein provided. By this agreement the defendant undertook to pay the plaintiff, as his compensation, a commission of 10 per cent. on all machines sold to customers obtained by him or his agents. The defendant also agreed to advance $25 a week to the plaintiff, such advance to be considered a part of his commissions, and not as an independent salary. It was further stipulated that the accounts of the parties should be settled once in six months, when the sum of the weekly payments should be deducted from the sum of the commissions earned by the plaintiff, and the balance, if any, should be paid to him. If the sum of the weekly advances should be found to exceed the sum of his commissions, then the defendant was to have the option either to require the difference to be repaid to it by the plaintiff, or to carry the deficit over to the next half year, or to consider the contract at an end. The complaint alleges that the plaintiff has performed all the conditions of the agreement on his part, except in those respects in which performance was waived or prevented by the defendant; that in the year 1897 eight typesetting machines of the defendant were sold through the instrumentality of the plaintiff, to customers obtained by him; that in September, 1897, the defendant refused any longer to make advances to the plain-

tiff on account of his commissions; that on or about October 1, 1897, the defendant wrongfully discharged the plaintiff from its employ- ment; and that the commissions earned by the plaintiff amount to $815 more than he has received from the defendant. Some other breaches of the agreement are alleged in the complaint, increasing the amount for which the plaintiff demands judgment. The amended answer denies all the material allegations of the complaint, except those relating to the incorporation of the defendant and the execution of the contract of employment. Among the paragraphs of the com- plaint expressly denied is that which contains the allegation that the defendant wrongfully discharged the plaintiff from its employment. The second part of the answer contains the counterclaim the suf- ficiency of which is questioned upon the present appeal. After re- peating the denials already mentioned, it refers to the agreement an- nexed to the complaint, restates some of the provisions of that agreement, alleges that, pursuant to the terms thereof, the defendant advanced to the plaintiff $25 a week, up to September 16, 1897,—the aggregate of such advances amounting to $775,—and proceeds as follows:

"This defendant alleges that on or about said day the relations of the par- ties under the said contract terminated; that the plaintiff had made no sales of the defendant's machines, and was entitled to no commissions; and that, by reason of the matters and things above set forth, he was indebted to the defendant on the said day in the sum of seven hundred and seventy-five dollars, no part of which has been paid, although payment thereof has been duly demanded."

I agree with the court at special term in the view that this counter- claim does not state facts sufficient to constitute a cause of action. The appeal book shows that there was a counterclaim in the original answer, to which the plaintiff successfully interposed a demurrer on the same ground. In that counterclaim, however, the defendant did not repeat the denials set forth in the previous part of its answer, as it does in the present counterclaim. Mr. Justice Dickey held that the counterclaim could not be helped out by independent denials in the answer to which no reference was made in the counterclaim itself. For the purposes of that demurrer, therefore, there was no denial of the wrongful discharge of the plaintiff alleged in the complaint; hence he deemed the counterclaim in its original form insufficient. The question now before us is whether it has been made good in its amended form, now that it includes a denial of the alleged wrongful discharge.

It is essential to the sufficiency of a counterclaim that it should set out facts sufficient to constitute a cause of action in favor of the de- fendant and against the plaintiff or a person whom he represents. Code Civ. Proc. § 501. To ascertain whether matter set up as a counterclaim complies with this requirement, we must, therefore, con- sider that portion of the answer standing by itself, and inquire whether or not it would be good, as a complaint, in a separate action by the defendant against the plaintiff or a person represented by the plaintiff. Viewed in this manner, I am at a loss to perceive how the mere denial in this counterclaim of the plaintiff's allegation that the

defendant wrongfully discharged him can be regarded as the statement of a fact going to make up a cause of action in behalf of the defendant against the plaintiff. Its effect is rather to avoid an admission which might be fatal to an otherwise valid counterclaim. The incorporation of that denial in the counterclaim adds no more to the counterclaim than would be accomplished by the insertion therein of an express averment to the effect that the defendant did not wrongfully discharge the plaintiff from its employment. Considering this averment incorporated, we should then have a counterclaim, in substance, as follows: The parties entered into the agreement, a copy of which is annexed to the complaint; under that agreement the defendant advanced to the plaintiff $25 a week, up to September 16, 1897, making $775 in all; that the relations of the parties under the contract then terminated; that the defendant did not wrongfully discharge the plaintiff; that the plaintiff had made no sales of the defendant's machines; and that, by reason of the foregoing matters, he was indebted to the defendant, on September 16, 1897, in the sum of $775, no part of which has been paid, although payment thereof has been demanded. In thus attempting to state the substance of the counterclaim, I have omitted the averment that the plaintiff was entitled to no commissions, as that is purely a conclusion of law.

A denial by a master that he has wrongfully discharged his servant, or an allegation by a master that he has not wrongfully discharged his servant, is not equivalent, in legal effect, to a good allegation of justifiable dismissal. Such a plea, whether negative or affirmative in form, must allege the facts which are relied upon as justifying the act of the master in discharging the servant. "The law will not assume that a servant has been derelict in duty from the fact that his employer discharged him, but, upon proper allegations that he was discharged while engaged in the performance of the contract and before his term of service had expired, the burden is cast upon the employer of proving, and hence of alleging, facts in justification of the dismissal." Linton v. Fireworks Co., 124 N. Y. 533, 27 N. E. 406. In the present case it is to be observed that the fact of the plaintiff's dismissal from the employment of the defendant, as alleged in the complaint, is not denied; it is only the wrongful dismissal. If, then, we take as true all the averments of the counterclaim, do they suffice to show that the defendant is entitled to recover from the plaintiff the $775 paid to him on account of his commissions? I think not. The statement that the relations of the parties under the contract terminated on September 16, 1897, does not indicate in what manner they came to an end. If it means that the contract was rescinded, then the defendant had no claim to the repayment of its advances, unless such repayment was provided for expressly or by implication in the agreement of rescission. McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 6 L. R. A. 503. The learned counsel for the defendant interprets the averment that the relations of the parties under the contract terminated to mean that the defendant relinquished its claim to the plaintiff's services for the balance of the year, and that the plaintiff gave up his claim to compensation for the same period; but the trouble with his pleading is that it does not say

anything of the kind. In matters of substance, it is still the rule that a pleading of doubtful meaning must be construed most strongly against the pleader. Clark v. Dillon, 97 N. Y. 370. It seems to me that the application of this rule is fatal to the counterclaim, nor is there any harshness in thus applying it. If the defendant has a good cause of action against the plaintiff, arising out of the facts suggested in the brief of counsel, but not yet embodied in the answer, there cannot be any serious difficulty in placing it before the court in proper form.

The interlocutory judgment should be affirmed, with costs, and with leave to amend upon the usual terms. All concur.

---

(29 Misc. Rep. 617.)

IMPERIAL BLDG. CO. v. JOHN H. WOODBURY DERMATOLOGICAL INST.

(Supreme Court, Appellate Term. November 29, 1899.)

LEASE—PAROL—EVIDENCE.

> Where a written lease required all signs put up by the tenant to be approved by the lessor, as such approval could be in parol, it was competent to show parol conditions attached thereto.

Appeal from city court of New York, general term.

Action by the Imperial Building Company against John H. Woodbury Dermatological Institute. From a judgment for plaintiff, affirmed at general term (59 N. Y. Supp. 186), defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Benjamin Patterson, for appellant.

Douglass & Minton, for respondent.