### SCHREIBER v. ASH.

(Supreme Court, Appellate Term. November 18, 1903.)

1. CONTRACT OF EMPLOYMENT—BREACH—PLEADING—GENERAL DENIAL.
    In an action for breach of a contract of employment for a definite term, evidence by the defendant of facts justifying a dismissal of the employé before the expiration of the term is inadmissible under a general denial.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 46.

Action by David Schreiber against Magnus Ash. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Sol. De Young, for appellant.

Steuer & Hoffman (Max D. Steuer, of counsel), for respondent

BLANCHARD, J. This action was brought to recover damages for the breach of a contract of employment. The pleadings were oral. The plaintiff alleged "damages for breach of contract," to which the defendant interposed a general denial, and demanded a bill of particulars. In the bill of particulars which the plaintiff furnished pursuant to the demand he set forth that the contract was in writing, that he performed all its terms and conditions, and that he was discharged before its expiration. He was to commence June 16, 1902, and continue until January 1, 1903. The plaintiff was discharged by the defendant October 26, 1902. The case came on for trial before a justice without a jury, a verdict rendered for defendant, and from that judgment the plaintiff appeals.

All that the plaintiff was called upon to prove in order to sustain his cause of action was the making of the contract and his discharge before it had expired. The making of the contract and the discharge were therefore the only material averments alleged, and were the only facts that the plaintiff was compelled to prove to establish his cause of action. The general denial of the defendant controverted only those material allegations, which were the making of the contract and its breach. Linton v. N. F. Co., 124 N. Y. 533, 27 N. E. 406. This case distinctly holds that when an employer discharges a servant "while engaged in the performance of the contract, and before his term of service had expired, the burden is cast upon the employer of proving, and hence alleging facts in justification of, the dismissal." The learned trial court in the case at bar allowed defendant to prove facts of justification of the dismissal, and, under his general denial, we think it was error calling for a reversal of the judgment.

The judgment must accordingly be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.