(109 App. Div. 696)

MURRAY v. O'DONOHUE.·

(Supreme Court, Appellate Division, First Department.  December 15, 1905.)

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—ACTION.
    Where a complaint alleged a contract whereby one was employed to
    perform certain services, for an agreed salary and a commission in ad-
    dition, for a period of one year, but that he was discharged at the end
    of three months. and that for the remaining months the sum of $1,125
    became due as salary, and he suffered damages in the sum of $1,525,
    though the question of the additional commission was withdrawn, the
    action was for damages for breach of the contract, and not for salary,
    and the complaint was sufficient.
2. TRIAL—INSTRUCTIONS—CURING ERROR.
    In an action for wrongful discharge from employment, where the de-
    fense was disobedience of orders and intoxication of the employé, where
    the court repeatedly charged that the question of condonation of these
    offenses was for the jury, any error in a charge that, if the employer
    continued the employé in his employment after he knew of the offenses,
    such continuance amounted to a condonation of the offenses, was cured
    by a subsequent charge that the question of condonation was for the jury.

Appeal from Trial Term, New York County.
Action by William A. Murray against John J. O'Donohue.  From
a judgment in favor of plaintiff, and from an order denying a motion
for a new trial, defendant appeals.  Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-SON, CLARKE, and HOUGHTON, JJ.

H. Aplington, for appellant.

George H. Taylor, Jr., for respondent.

CLARKE, J. The complaint alleges that the plaintiff and defendant, on the 1st of April, 1902, entered into an agreement whereby the defendant employed the plaintiff as a general manager of defendant's store at Rye, N. Y., for the term of one year at the yearly salary of $1,500 and 10 per cent. additional on the yearly net profits of the business at said store; that plaintiff entered into the employment and performed all the terms and conditions to be performed by him under the agreement from April 1, 1902, to July 1, 1902; that on the 1st of July, 1902, the defendant paid the plaintiff for his services up to the 1st of July, 1902, "and wrongfully and without just or reasonable cause therefor discharged the plaintiff, and since that time has prevented the plaintiff from performing his part of the said agreement, notwithstanding the plaintiff duly tendered his services to the defendant according to said agreement; that for the nine remaining months of said agreement the sum of $1,125 became due and payable to the plaintiff as salary, and, with the net profits due the plaintiff as aforesaid, the plaintiff has suffered damages in the sum of $1,525." The action was commenced August 26, 1902, and was tried on February 23, 24, and 27, 1905, resulting in a verdict for the plaintiff of $812. All question as to the alleged agreement as to 10 per cent. of the net profits additional compensation was withdrawn. At the close of the plaintiff's case the defendant moved for a dismissal on various grounds, among others, "the evidence produced on the trial herein is not sufficient to sustain a cause of action," and "the plaintiff having in open court withdrawn that part of his complaint for commissions, and it appearing that his claim is for salary only, the complaint does not state a cause of action," and renewed said motion at the close of the whole case and duly excepted to the denial of the motion. The question is therefore squarely raised as to whether the complaint will sustain the recovery.

Undoubtedly an action for salary is based upon the theory that the work has actually been performed. It is equally clear that, where a valid contract of employment is broken by an improper discharge during the term, the servant has an immediate cause of action for damages for the breach of contract, and that prima facie the amount thereof is a sum equal to the stipulated amount, unless the defendant should give evidence in mitigation of damages. Howard v. Daly, 61 N. Y. 362, at page 374, 19 Am. Rep. 285. It is plain, although the complaint is inartificially drawn, that the action is for damages for breach of contract, and not for salary or wages. To sustain such an action, an averment of the performance of the services would be necessary. In Weed v. Burt, 78 N. Y. 192, Judge Folger said:

"This action is brought to recover wages alleged to be due to the plaintiff for his services for the defendant as bookkeeper for him for a term stated in the complaint as agreed upon between them. The complaint alleged a hiring for a year, salary payable monthly. It appears, however, that the plaintiff did

not render service for that term. So far from so doing, he was dismissed from the defendant's employment at a date earlier than the beginning of the term alleged in the complaint as that for which the wages are alleged to be due; and for a part of that time he served other folks and took from them his time therefor. On that showing his action should not be for wages, but for damages for not being continued in service as was agreed. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285. The plaintiff neither performed services, nor made tender of performance. He may not, in such state of facts, recover for wages. If he has a cause of action, it is for the damages he has been put to by not being let go on with his service."

In the case at bar the plaintiff clearly sets up matter showing that it is for the breach of the contract that he sues, and not for payment of performance under it. He alleges the defendant "wrongfully and without just or reasonable cause therefor discharged the plaintiff, and since that time has prevented the plaintiff from performing his part of the said agreement, notwithstanding the plaintiff duly tendered his services to the defendant according to said agreement." He then states the amount of salary for the nine months remaining of his contract and states "the plaintiff has suffered damages in the sum," etc. All of these allegations are appropriate and sufficient to set forth a cause of action for damages for breach of contract of employment. The amount of the salary was properly stated, as prima facie that was the worth of his contract and the measure of his damage. Therefore the denial of the motion was proper. Upon the trial the complaint was treated as for damages as for a breach, evidence being introduced as to plaintiff's employment otherwise during the period, and whether or no he had earned or might have earned moneys applicable to the reduction of damages; and the learned court in his charge clearly laid down the rule as to the measure of damages upon that theory of the case.

As another ground for reversal, the appellant complains of a portion of the charge to the jury. As a defense to the action the defendant pleaded justification for the discharge of the plaintiff, and set forth, in an amendment to the answer allowed upon the trial, refusal to obey specific orders and misconduct and intoxication. The learned court in his charge carefully, explicitly, and correctly laid down at length the rules of law governing such a defense, and also as to whether or not such offenses, if they had been committed, had been condoned. A considerable portion of his charge was occupied with this subject, and again and again he instructed the jury that the determination of those questions was for them. At the close of the charge, the court charged a request as follows:

"If the jury find from the evidence that the defendant continued the plaintiff in his employment after he had become cognizant that the plaintiff had disobeyed his orders, if he did so disobey them, and become cognizant with all the facts connected with plaintiff's intoxication, if he ever was intoxicated, the fact of such continuance of employment after such knowledge by the defendant amounted to a condonation of the offense, if any, and precludes the defendant from urging the same as a ground justifying the plaintiff's discharge from his employment."

The effect of this request, of course, was to take from the jury the very question as to condonation, which in another part of the charge had been most fully and carefully committed to them. That the

learned court fell inadvertently into a momentary error is quite obvious from the record, for the very next moment counsel said:

"I except to that portion of your honor's charge in which you say that if the jury find the plaintiff guilty of one act of intoxication, one act of disobedience, one act of incompetency, they may find for the defendant, and I ask your honor to .charge that if they find that the plaintiff's services continued after those instances, with the knowledge that he had been guilty of disobedience, then in that event it is for the jury to determine whether the acts were condoned.

"The Court: I so charge."

We are of opinion, in view of the main ·charge, that the error pointed out was cured by this latest statement of the court, and that therefore there was not reversible error.

We have examined the other matters pointed out by appellant, but find no reason in any of them to disturb this judgment.

Judgment and order affirmed, with costs.

O'BRIEN, P. J., and PATTERSON and HOUGHTON, JJ., concur.

McLAUGHLIN, J. (concurring). I concur in the opinion of Mr. Justice CLARKE that the judgment should be affirmed and that the stipulated salary agreed to be paid is prima facie the measure of damages, even though·the action were commenced before the expiration of the term of service, inasmuch as the trial did not occur until after the expiration thereof. See Everson v. Powers, 89 N. Y. 527, 42 Am. Rep. 319. The alleged errors in the charge could not have misled the jury, when such instructions were considered in connection with the main charge and the final instruction on that subject.