## KAHN v. GUGGENHEIMER.

(Supreme Court, Appellate Term. February 5, 1909.)

1. MASTER AND SERVANT (§ 39*)—WRONGFUL DISCHARGE—ISSUES AND PROOF.

Where, in an action for breach of a contract of employment, plaintiff alleged that pursuant to the agreement he continued to act as defendant's resident buyer up to June 1, 1907, when defendant refused to continue his services until the end of the contract term, which allegation the answer put in issue, the burden was on plaintiff to prove performance of his contract; and hence evidence showing nonperformance was relevant, without a plea that defendant was justified in discharging plaintiff, under the rule that the defendant may prove under a general denial any fact which contradicts proof offered by plaintiff in support of the complaint.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 46; Dec. Dig. § 39.*]

2. MASTER AND SERVANT (§ 30*)—CONTRACT OF EMPLOYMENT—JUSTIFIABLE DISCHARGE.

Nonperformance of a servant's employment contract justifies his discharge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 31; Dec. Dig. § 30.*]

3. MASTER AND SERVANT (§ 39*)—DISCHARGE—DEFENSES—PLEADING.

In an action for a servant's wrongful discharge, defendant is only required to plead as a defense such grounds of justification as are not raised by a mere denial of the allegations in the complaint.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 45; Dec. Dig. § 39.*]

Appeal from City Court of New York, Trial Term.

Action by Ernest D. Kahn against Charles M. Guggenheimer. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Hays, Kaufmann & Lindheim (Norvin R. Lindheim and Arthur Garfield Hays, of counsel), for appellant.

Franklin Bien, for respondent.

SEABURY, J. This action was brought to recover damages for the alleged breach by the defendant of a contract of employment. The plaintiff claimed that the defendant employed him to act as resident buyer in New York City from February 1, 1907, to December 31, 1907. The complaint alleges:

"That in pursuance to said agreement plaintiff continued to act as resident buyer for defendant, and did act as such up to about June 1, 1907, when defendant refused to continue plaintiff's services," etc.

The answer put this allegation of the complaint in issue, denied that the plaintiff was employed for a definite term, and did not plead that the defendant was justified in discharging the plaintiff. Upon cross-examination the plaintiff admitted that on April 13, 1907, he left New York City, went to Europe, and remained there until May 29, 1907. He also admitted that he did not go to Europe at the defendant's re-

quest or upon his business. At the close of the plaintiff's case, and again at the close of the whole case, the defendant moved to dismiss the complaint. Both of these motions were denied and exceptions taken to these rulings. The defendant's counsel asked the court to charge the jury:

"That if the plaintiff left the service of the defendant for a period of seven weeks, without the express permission of the defendant, the plaintiff was guilty of a violation of the contract, and cannot recover."

To this request the court replied:

"I refuse to so charge, and I charge the jury, on the contrary, that the question of fact as to the plaintiff's failure to perform his contract is not open in this case. There is no defense pleaded that the plaintiff was discharged because he failed to perform his contract, and, if you desired to raise that defense, you should have inserted it in your pleadings."

To the refusal to charge as requested, and to the charge which the court made, the defendant duly excepted.

We think that the court below was clearly in error. Where a plaintiff alleges performance of his contract, and the allegation is denied, to be entitled to recover, he must prove performance. Under a general denial the defendant may prove any fact which contradicts proof offered by the plaintiff in support of the allegations of the complaint. If the defendant seeks to justify the plaintiff's discharge upon some ground other than that he failed to perform his contract, he is permitted to do so only when he pleads facts which constitute such justification. Whenever a plaintiff pleads performance of a contract, the defendant may, under a denial of that allegation, offer proof to show nonperformance on the part of the plaintiff. If the defendant desires to go further, and show that he had other cause for discharging the plaintiff than that the plaintiff failed to perform his contract, he is permitted to prove such other cause only when he has pleaded the facts constituting such other cause as a defense.

Nonperformance of his contract by an employé undoubtedly justifies his discharge, and this fact may be proved under a general denial, when the plaintiff pleads performance. The grounds of justification which a defendant is required to plead as a defense are only those which are not raised by a mere denial of the allegations of the complaint. Linton v. U. F. Co., 124 N. Y. 533, 27 N. E. 406. The plaintiff, having alleged performance, was required to prove that he performed his contract up to the time when he claims he was discharged. Having failed in his proof in this respect, he was not entitled to recover, and the complaint, at the close of the plaintiff's case, should have been dismissed. The court below not only did not dismiss the complaint, but submitted the case to the jury in a charge which relieved the plaintiff of the burden of proving performance.

The judgment and order appealed from are reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.