TURNER v. WRIGHT et al.

(Supreme Court, Appellate Term.    June 24, 1910.)

1. MASTER AND SERVANT (§ 40*)—DISCHARGE OF SERVANT—DERELICTION OF DUTY—EVIDENCE—PRESUMPTIONS.

The mere fact that a servant was discharged raises no presumption that he was derelict in his duty.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 47; Dec. Dig. § 40.*]

2. MASTER AND SERVANT (§ 40*)—BREACH OF CONTRACT—DISCHARGE OF SERVANT—EVIDENCE—PRESUMPTION.

In a servant's action for breach of a contract requiring him to give his best services and to work specified hours for one year, proof that plaintiff worked exclusively for defendant during the hours required by the contract, and that after five months he was discharged, raised a presumption that he worked faithfully during the time, without specific proof that the services rendered were his best services.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 47; Dec. Dig. § 40.*]

3. MASTER AND SERVANT (§ 40*)—DISCHARGE OF SERVANT—JUSTIFICATION—BURDEN OF PROOF.

In a servant's action for breach of contract, the burden of proving a justification for his discharge is on defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 47; Dec. Dig. § 40.*]

Appeal from City Court of New York, Trial Term.

Action by William T. Turner against Walter J. Wright and another. From judgment dismissing the complaint, plaintiff appeals. Reversed; and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Michael H. Harris, for appellant.

Gifford, Hobbs & Beard (John D. Fearhake, of counsel), for respondents.

SEABURY, J. The plaintiff sued to recover damages for breach of contract. The plaintiff was employed by defendants under a written contract to work as a cutter for a period of one year. By the terms of the contract the plaintiff agreed "to give his best services and endeavor as cutter," and "to devote all his time and give his exclusive attention during business hours, which hours shall be from eight (8) a. m. to six (6) p. m., with one-half hour for lunch excepted, to the business" of the defendants.

The plaintiff proved that he entered upon his work as a cutter under the contract, and worked exclusively for the defendants during the hours required by the contract, and that he was discharged after having worked five months. At the close of the plaintiff's case the complaint was dismissed, apparently upon the ground that the plaintiff did not prove that the services he rendered were "his best services."

The mere fact that the plaintiff was discharged raises no presumption that he was derelict in his duty. The plaintiff continued to perform work for the defendants for a period of five months, and at the

end of this time was dismissed. The legal presumption arising from the facts proved is that the plaintiff faithfully performed his services, and that the services rendered were the best of which he was capable. The burden of proving a justification for the plaintiff's discharge rested upon the defendants. Linton v. Unexcelled Fireworks Co., 124 N. Y. 533, 27 N. E. 406.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.