(96 Misc. Rep. 564)

### HART v. SHERMAN et al.

(Supreme Court, Special Term, Monroe County. September 14, 1916.)

MASTER AND SERVANT ⬥80(4)—UNLAWFUL DISCHARGE—PLEADING—CONDITIONS PRECEDENT.

Under Code Civ. Proc. § 533, providing that, in pleading the performance of a condition precedent in a contract, it is not necessary to state the facts constituting the performance, but is sufficient to state generally a due performance thereof, the allegation of the complaint, in an action for wages and for an unlawful discharge under a contract of employment as a salesman, that plaintiff entered upon the performance of said contract, and went out on the road, and took and sent in orders to the defendant, was sufficient.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 113; Dec. Dig. ⬥80(4).]

Action by Edward C. Hart against Preston C. Sherman and others. On motion for judgment upon the pleadings upon a demurrer. Motion denied, and demurrer overruled.

Clinton H. Furbish, of Rochester, for the motion.
Jacob Kirschenbaum, of New York City, opposed.

RODENBECK, J. The question involved on the motion is the sufficiency of the allegation relating to the performance of the contract as a condition precedent. The action is for damages for the breach

of a contract of employment. The defendant claims that the plaintiff has not alleged performance of conditions necessary to enable him to recover.

The action is brought for a recovery in part of wages earned, but chiefly for damages for a breach of the contract by reason of its termination by the defendants. An allegation of due performance under section 533 of the Code of Civil Procedure is necessary, where the action is brought to recover wages, but is unnecessary in an action to recover for the breach of a contract. Murray v. O'Donohue, 109 App. Div. 696, 96 N. Y. Supp. 335. So far as the action seeks to recover wages which have been earned, the allegations in the complaint with reference to the performance of the contract are sufficient. The complaint alleges that the plaintiff "entered upon the performance of the contract, and went out on the road, and took and sent in orders to the defendant." This allegation is sufficient, and renders it unnecessary to allege generally due performance, required by section 533, above referred to.

The complaint states a good cause of action (Weed v. Burt, 78 N. Y. 191; Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Crotty v. Erie R. R. Co., 149 App. Div. 262, 133 N. Y. Supp. 696), and the demurrer should be overruled, with costs.