## OCEAN ACCIDENT & GUARANTY CORPORATION, LIMITED, OF LONDON v. MEEK.

No. 3820. Decided March 22, 1923. (215 Pac. 810.)

INSURANCE—PARTIES TO INSURANCE CONTRACT HELD RELEASED FROM ITS OBLIGATIONS WHEN THEY CANCELED IT BY MUTUAL AGREEMENT. Where an insurance contract made pursuant to the Workmen's Compensation Act was rescinded or canceled by mutual agreement of the parties in the course of performance and such cancellation was unconditional, *held* that, upon the cancellation becoming effective, both parties were released from the obligations of the contract and their rights thereto were as though the contract had never been made.

Appeal from District Court, Second District, Weber County; *George S. Barker,* Judge.

Action by the Ocean Accident & Guaranty Corporation, Limited, of London, against Otto Meek. Judgment for plaintiff, and defendant appeals.

REVERSED, with directions to dismiss complaint.

*Henderson & Johnson,* of Ogden, for appellant.

*T. J. Maginnis,* of Ogden, for respondent.

FRICK, J.

On March 10, 1921, plaintiff commenced this action in the district court of Weber county to recover from the defendant certain premiums which plaintiff alleged defendant was owing to it under a certain insurance contract, the terms and conditions of which are in part set forth in the complaint. The defendant denied that he was indebted to the plaintiff and averred that the premiums earned by virtue of the contract of insurance aforesaid had been fully paid. The case was tried to the court without a jury. The court made findings that on the 1st day of July, 1917, the plaintiff delivered to the defendant a policy of insurance by the terms of which plaintiff insured the payment of compensation, etc., to the employees of defendant pursuant to the provisions of the Workmen's Compensation law of this state, (Comp. Laws 1917, §§ 3061-3165), in case of accidental injury arising in the course of employment of said employees; that the defendant paid to the plaintiff the premium then fixed and agreed upon for said insurance, amounting to $133, for the ensuing year; that the policy issued as aforesaid contained the following provision:

"If work is undertaken by the assured at the locations mentioned in declaration 4 which is not comprised in the description of the trade, business or work set forth in declaration 5, said latter declaration shall be deemed to be amended so as to include such work, and the assured agrees to pay the premium in respect to such additional work calculated according to the premium rates in use by this corporation at the date when this policy takes effect."

That at the time of the issuance of said policy and during the time the same was in force the defendant was engaged in a more hazardous business than that for which the premium was paid, by reason of which the condition just quoted from the policy became effective and the defendant became indebted to the plaintiff for the higher premium, to wit, in the sum of $301.45 in addition to the sum of $133 paid as aforesaid. The court also expressly found as follows:

"That said policy was in force and effect from the 1st day of July, 1917, to the 20th day of December, 1917, at which time the policy term was canceled by mutual consent of the parties.

"That on or about the 1st day of July, 1918, plaintiff demanded from the defendant said sum of $301.45, which the defendant refused to pay."

Upon substantially the foregoing facts the court as a conclusion of law found that the plaintiff was entitled to judgment for said sum of $301.45. Judgment was entered accordingly, from which defendant appeals.

Some of the court's findings of fact are assailed as not being sustained by the evidence and as being contrary thereto. In view of the conclusion reached by us, it is not necessary to consider the assignments relating to the foregoing findings of fact.

It is also insisted that the coure erred in its conclusion of law and in entering judgment for the amount hereinbefore stated in favor of plaintiff.

In view of the finding that the contract of insurance was in the course of performance rescinded, or, in the words of the findings, "canceled by mutual consent of the parties," which finding is not assailed by either party and is conceded to be correct, the whole matter may be disposed of upon that finding and the conclusion of law referred to.

The question therefore is: Can the court's conclusion of law and judgment be sustained?

The authorities with regard to the legal effect of a mutual rescission or cancellation of an executory contract are practically unanimous. In 6 R. C. L. p. 942, § 223, the law is stated thus:

"Generally speaking, the effect of rescission is to extinguish the contract. The contract is annihilated so effectually that in contemplation of law it has never had any existence, even for the purpose of being broken. Accordingly, it has been said that a lawful rescission of an agreement puts an end to it for all purposes, not only to preclude the recovery of the contract price, but also to prevent the recovery of damages for breach of the contract. This rule applies to a rescission by agreement. The term 'cancellation' of a contract necessarily implies a waiver of all rights thereunder by the parties. If, after breach by any one of the parties, they agree to cancel it and make a new contract with reference to its subject-matter, that is a waiver of any cause of action growing out of the original breach, and this is the rule even though the original contract was under seal. In other words, the rescission of a contract

while in the course of performance destroys or annuls any claim which either of the parties might otherwise have in respect of performance, or of what has been paid or received thereon, unless a different intent can be deduced from the agreement of annulment, construed in the light of attendant circumstances."

In 13 C. J. p. 602, § 627, it is said:

"Where a contract has been rescinded by mutual consent, the parties are as a general rule restored to their original rights with relation to the subject-matter, and no action for breach can be maintained thereafter, nor are the parties bound by the contract with reference to their subsequent actions."

To the same effect are 2 Black on Rescission, §§ 204, 205, and 1 Elliott on Contracts, § 216.

In *McCreery* v. *Day*, 119 N. Y. 1, 5, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St. Rep. 793, Mr. Justice Andrews, speaking for the New York Court of Appeals, in the course of the opinion says:

"Where a contract is rescinded while in the course of performance, any claim in respect of, * * * or of what has been paid or received thereon, will ordinarily 'be referred to the agreement of rescission, and in general no such claim can be made unless expressly or impliedly reserved upon rescission' "—citing Leake on Contracts, 788, and cases there cited.

The foregoing doctrine was again approved by the same court in *Eames, etc., Co.* v. *Prosser*, 157 N. Y. 289-295, 51 N. E. 986; and also in a later case by the New York Supreme Court in *Browne* v. *Empire, etc., Co.*, 44 App. Div. 598, 61 N. Y. Supp. 126-128.

In the case at bar the rescission or cancellation of the insurance contract, in so far as the record discloses, was absolutely unconditional and without any reservation whatever by either party. In view of that but one conclusion is permissible under the law, and that is that upon the cancellation becoming effective both parties were released from all the covenants, obligations and provisions of the contract, and their rights with respect thereto were as though the contract had never been entered into.

By what we have said we do not wish to be understood as holding that in all circumstances a rescission or cancellation necessarily and ipso facto destroys all rights of the parties.

It may well be that the terms and conditions of a contract and the surrounding circumstances may be such that a rescission or cancellation thereof, although consented to by both parties and without any express reservation, may, nevertheless, to a certain extent be enforceable. The exceptions are, however, stated in the authorities we have cited, and need no special reference here.

This case clearly falls within the general rule above stated and, hence it follows that the district court erred in its conclusion of law and in entering judgment in favor of plaintiff. The judgment is therefore reversed, and the cause is remanded to the district court of Weber county, with directions to dismiss the complaint. Appellant to recover costs.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.