PETER A. WILKINSON, JR., Respondent, *v.* HALLIWELL ELECTRIC COMPANY, INC., Appellant.

Supreme Court, Appellate Term, First Department, May 23, 1924.

Master and servant — action for wrongful discharge — action upon liquidated demand within meaning of Rules of Civil Practice, rule 113, relating to summary judgments — wrongful discharge admitted in absence of plea of justification — denial of allegations of performance will not permit proof of justification — counterclaim states cause of action — summary judgment denied.

Where the plaintiff's affidavit in support of a motion for summary judgment in an action for wrongful discharge shows that the amount demanded in the complaint is arrived at by deducting from the plaintiff's salary for the balance of the contract period moneys earned by plaintiff subsequent to the discharge, and the averments of the plaintiff's affidavit in that regard are not disputed in the opposing affidavit, the action is one upon "liquidated demand" arising on a contract within the meaning of rule 113 of the Rules of Civil Practice.

In the absence of a plea of justification the wrongful discharge was admitted and the denial of plaintiff's allegation of performance will not permit proof of justification.

A counterclaim alleging that the plaintiff in violation of the provisions of the contract incurred advertising expenses without the consent or written approval of the defendant and that by the terms of the contract the plaintiff was liable therefor, states a cause of action and plaintiff's motion for a summary judgment should be denied.

Two appeals from the City Court of the city of New York, one from order of February 5, 1924, granting plaintiff's motion

for summary judgment, and the other from order of February 23, 1923, resettling order of February 5, 1923, and granting summary judgment.

*Stires, Barron, Rice & Rockmore* (*Bernard S. Barron,* of counsel), for the appellant.

*Dooling & Waldman* (*Irvin Waldman,* of counsel), for the respondent.

GUY, J. In this action to recover the sum of $1,700 damages for wrongful discharge, the defendant served an answer denying material allegations of the complaint and setting out a counter-claim for the sum of $2,400. Plaintiff on the pleadings and an affidavit moved for summary judgment; the motion was opposed by the affidavit of defendant's president; and the court below granted the motion for summary judgment for the reason that although in the opposing affidavit it is contended that plaintiff's discharge was justified, no plea of justification is set out in the answer. Each of the orders for summary judgment — the original order of February fifth and the order as resettled February twenty-third — gave leave to defendant to serve an amended answer.

The complaint sufficiently alleges a cause of action for wrongful discharge (*Linton* v. *Unexcelled Fireworks Co.,* 124 N. Y. 533; *Murray* v. *O'Donohue,* 109 App. Div. 696) ; and as plaintiff's affidavit in support of the motion shows that the amount demanded in the complaint is arrived at by deducting from the plaintiff's salary for the balance of the contract period subsequent to the discharge moneys earned by plaintiff subsequent to the discharge, and the averments of the plaintiff's affidavit in that regard are not disputed in the opposing affidavit, the case comes within the purview of rule 113 as one upon a "liquidated demand" arising on a contract.

The court below correctly held that in the absence of a plea of justification the wrongful discharge was admitted, and that the denial of plaintiff's allegation of performance would not permit proof of justification. *Linton* v. *Unexcelled Fireworks Co., supra; Crotty* v. *Erie R. R. Co.,* 149 App. Div. 262. The rule laid down by this court in *Kahn* v. *Guggenheimer,* 114 N. Y. Supp. 767, is inapplicable to the facts disclosed by the affidavit. In that action to recover damages for wrongful discharge the complaint alleged the plaintiff's employment as resident buyer in New York city from February 1, 1907, to December 31, 1907, and further alleged that "in pursuance to said agreement plaintiff continued to act as resident buyer of defendant and did act as such up to about June 1, 1907, when defendant refused to continue plaintiff's services."

The answer put in issue the allegation of the complaint which has been quoted and denied that the plaintiff was employed for a definite term, but did not plead justification. Upon plaintiff's cross-examination, however, it appeared that on April 13, 1907, the plaintiff left New York city and went to Europe and remained there until May 29, 1907, and that he did not go to Europe at the defendant's request or upon his business. This court held that the refusal of the trial court to charge that if the plaintiff left the service of the defendant for seven weeks without the permission of the defendant the plaintiff was guilty of a violation of the contract and could not recover, was reversible error, the ground of the decision being that non-performance of his contract by an employee justified his discharge, and that such non-performance could be availed of under a denial of the plea of performance, the court stating that " the grounds of justification which a defendant is required to plead as a defense are only those which are not raised by a mere denial of the allegations of the complaint." In the instant case, however, there is no claim that the plaintiff did not perform his contract, the theory of the counterclaim being rather improper performance or a deviation from the prescribed method of performance to the damage of defendant, so that as matter of pleading it was necessary for defendant to plead as a defense the facts relied upon as a justification of the discharge.

Defendant's counterclaim is based on the allegations that the written contract of employment provided that advertising matter with reference to the business of the defendant " shall be prepared and taken care of by the employee (plaintiff), provided however that the employee shall under no circumstances incur any advertising expense directly or indirectly without having the written approval and authorization so to do from the employer through its proper officers, and in the event that there is any such expense incurred then, and in that event, the employee shall be personally liable therefor; " that the plaintiff notwithstanding the said provisions of the contract, without the consent and without the written approval and authorization of the defendant, incurred expense in the sum of $2,400, which defendant was required to pay; that demand therefor was made upon the plaintiff but the plaintiff refused to pay the same. Plaintiff in his reply admits that he received no written authorization or approval for incurring the advertising expense.

It was competent for the plaintiff to contract with the defendant that if he incurred advertising expenses without the consent or the written approval or authorization of the defendant he should be personally responsible for such expenses; a cause of action

in favor of defendant is thus disclosed in the counterclaim and the opposing affidavits; and it was, therefore, error to grant plaintiff summary judgment.

Orders reversed, with ten dollars costs and disbursements as of one appeal, and motion for summary judgment denied, with ten dollars costs.

GAVEGAN and MITCHELL, JJ., concur.

Orders reversed and motion denied.