(100 App. Div. 332)

## HENRY R. WORTHINGTON v. WORTHINGTON.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. CORPORATIONS—ACTS OF PRESIDENT—GIFTS.

The president of a business corporation by virtue of his office has no authority to make a gift of the corporation's property.

2. SAME—LIABILITY OF PRESIDENT—IMPLIED CONTRACTS.

Where the president of a corporation engaged in manufacturing and selling hydraulic machinery agreed, in his own name, to equip a college laboratory of hydraulic engineering as a memorial of his father, and, in so doing, received material and labor therefor from the corporation, he became personally liable to the latter on an implied contract to pay the reasonable value thereof.

3. SAME—ASSUMPSIT—PLEADING—CODE.

A complaint substantially in the form of the common counts in assumpsit for goods sold and delivered and work and labor furnished for a university, on defendant's implied promise to pay therefor, is sufficient, under the Code.

4. SAME—REASONABLE VALUE—PROOF.

Where, in an action by a corporation against its former president for work and labor, and for goods sold and delivered to a third person, evidence of a witness that the market value of the equipment, excluding certain tanks, for which plaintiff paid about $2,000, was between $9,000 and $10,000, was uncontradicted, it was sufficient to go to the jury on the question of the reasonable value of the materials.

Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by Henry R. Worthington, a corporation, against Charles C. Worthington. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Samuel Untermyer, for appellant.
William A. Jenner, for respondent.

McLAUGHLIN, J. This action was brought to recover the value of certain pumps and hydraulic machinery. The plaintiff is a corporation, and the complaint, among other things, alleged that:

"At various times between the 27th day of September, 1897, and the 15th of January, 1900, * * * plaintiff, at the special instance and request of the defendant, delivered to Columbia University * * * the various pumps, machines, materials, and apparatus, and performed and furnished the work

and labor and services, described in the schedule hereto annexed, marked 'A,' which is hereby made a part hereof, upon the undertaking and agreement of the said defendant to pay the price and value thereof to the plaintiff; the said defendant having caused the aforesaid property to be delivered and said labor to be rendered to said Columbia University as a gift from him, for the purpose of perpetuating the memory of his deceased father."

Then followed an allegation to the effect that the materials furnished and the labor performed were "of the agreed price and value of $12,570.15," which the defendant refused to pay, although requested to do so, and judgment was demanded for said sum, with interest. The answer, in effect, admitted the delivery of the materials and performance of the work, but denied the other material allegations of the complaint.

At the trial at the close of plaintiff's case the complaint was dismissed, and from the judgment entered thereon, as well as from an order denying a motion for a new trial, the plaintiff has appealed.

The validity of the judgment is attacked upon several grounds, but the conclusion at which we have arrived renders it unnecessary to consider them in detail. Upon the conceded facts, I think the court would have been justified in holding at the conclusion of plaintiff's case that it was entitled to recover, and the only question to be submitted to the jury was as to the damages to which it was entitled. In brief, these facts were as follows: The plaintiff is engaged in manufacturing and selling hydraulic machinery, and in the early part of the year 1896 Prof. Hutton, who has charge of the hydraulic laboratory in Columbia University, called upon the defendant for the purpose of ascertaining if he would not furnish, as a gift, the necessary apparatus to equip a special department therein. The defendant, after discussing with Prof. Hutton just what he desired, and the expense of the same, and examining a blue print of the drawings which had been made, stated that he would do so, and a few days later sent to Prof. Hutton the following letter:

"New York, June 3, 1896.

"Prof. F. R. Hutton, Columbia University—Dear Sir: I have examined with interest the plans for your laboratory of hydraulic engineering and motors for the new engineering school of Columbia. It will give me great pleasure to equip this laboratory with such experimental and standard machines as you and I have discussed and be responsible for the entire cost of the installation. If agreeable to the trustees, I would like to identify it with the name of my honored father, the late Henry R. Worthington, whose fame as an hydraulic mechanical engineer was won in this, his native city of New York, and whose wish was always to encourage the branch of technical study that is now contemplated in your department. If this proposition be acceptable, I will be glad to meet you again for further conference as to the details, either upon my return from Europe, or later in the autumn.

"With best wishes for your further success in this matter, I am,

"Yours very truly,                    Charles C. Worthington."

Upon receipt of this letter, Prof. Hutton handed the same to the president of the university, who replied; saying to the defendant, "It adds to the value of your gift that you permit us to identify with it the name of your honored father, the late Henry R. Worthington." Shortly thereafter, at a meeting of the trustees of the university, the matter was considered by them, the defendant's

offer officially accepted, and a copy of the following resolution sent to him:

"Resolved, that the trustees accept, with thanks, the offer of Mr. Charles C. Worthington to equip a laboratory with experimental and standard hydraulic apparatus in the School of Mechanical Engineering as a memorial of his father, Henry R. Worthington, and that the same be designated 'The Henry R. Worthington Laboratory of Hydraulic Engineering.' "

Subsequently the plaintiff, by direction of the defendant, who was its president, furnished materials of the value of several thousand dollars, at least, and paid out in cash, in installing the same, about $2,000.

The defendant could not, by virtue of his office, give away the plaintiff's property, and the facts would not have justified a finding other than that such materials were furnished and money expended upon defendant's implied promise to pay the plaintiff for them. The defendant, and not the plaintiff, was requested to make the gift. It is true he consulted the executive committee of the plaintiff, but there is nothing in the record which would justify a finding that any action was taken by the corporation which could be construed into its giving the materials and making the expenditure as a gift. Indeed, it might well be doubted whether the corporation had power to do so, even if it had made the attempt. But no such attempt was made, and this is perfectly clear from the defendant's own statement. In his letter to Prof. Hutton, which is not contradicted or qualified in any respect, he said, "It will give me great pleasure to equip this laboratory * * * and be responsible for the entire cost of the installation." If any meaning is to be accorded to words, then the only logical, just, and correct inference which can be drawn from these is that he personally was to give and pay for it. This is clearly what he then intended to do. The power to give implies the power to withhold, which one cannot in either case do, except with his own. It was a laudable and commendable thing for the defendant to make the gift, not only for the purpose of promulgating knowledge in mechanical engineering, but in perpetuating his father's memory. In doing this, however, he was obligated to use his own property, and not that of another. It is true, at the time the gift was made the defendant was the president of the plaintiff, and he then owned a large part of the stock of the corporation. This, however, in no way changed the legal relations of the parties, nor did it confer upon the defendant any additional rights. He could not by reason of that fact give away its property, any more than a minority stockholder could, or one who was not an officer. By reason of his position and holdings he had more power than a minority stockholder, so far as the management and business affairs of the corporation were concerned, and this is all. He could give orders, and require that they should be obeyed; but he could not take the property of the corporation himself, or deliver it to another, without paying for it, and, if he did, it was under a promise, which the law implies, that he would pay what the same was reasonably worth.

The learned trial justice was evidently of the opinion that, under

the allegations of the complaint, a recovery could not be had under an implied promise to pay, and in this he was clearly in error. The complaint is substantially in the form of the common count in assumpsit for goods sold and delivered and labor and work performed for Columbia University upon defendant's promise to pay therefor. Numerous decisions might be cited to the effect that this is a good pleading under our Code. Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 542; Farron v. Sherwood, 17 N. Y. 227; Hosley v. Black, 28 N. Y. 438; Conaughty v. Nichols, 42 N. Y. 83; The New York News Publishing Co. v. The National S. S. Co., 148 N. Y. 39, 42 N. E. 514; Goodman v. Alexander, 165 N. Y. 289, 59 N. E. 149, 55 L. R. A. 781; Hatch v. Leonard, 165 N. Y. 435, 59 N. E. 270.

It is also suggested that the plaintiff was not entitled to recover because it failed to prove the reasonable value of the materials furnished. It endeavored to make such proof, and, if unsuccessful in this respect, it was by reason of objections made by the defendant. However, there was proof sufficient to go to the jury on this subject. It proved the money expended, and the witness Brown stated —which statement was not contradicted—that the market value of the equipment, excluding the tanks, for which the plaintiff paid about $2,000, was between $9,000 and $10,000.

It is unnecessary to consider specifically the various errors alleged. The case was tried upon a wrong theory, the court erred in dismissing the complaint, and the judgment and order appealed from must therefore be reversed, and a new trial ordered, with costs, to the appellant to abide the event. All concur, except PATTERSON, J., who dissents.

---

(100 App. Div. 460)

### IRVING SAV. INST. v. SMITH et al.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. MORTGAGES—FORECLOSURE—DEFAULT—VACATION—CONDITIONS.

Appeal from Special Term, New York County.