GEORGE R. STANTON, Respondent, *v.* BERT HAWLEY, Appellant.

Third Department, November 10, 1920.

Principal and agent — purchase from agent as personal owner without reliance upon authority to sell as agent — when principal reclaiming property not liable for conversion — when purchaser cannot claim estoppel as against principal.

Where a person knowing that an agent is authorized to buy and sell cows for a principal buys a cow from the agent, not relying upon his right to sell as agent, but upon the claim by the agent that he individually owns the cow sold, the principal, being the real owner, is entitled to retake the animal and is not liable to the purchaser in an action for conversion.

The purchaser suing in conversion cannot assert that the principal is estopped from denying the authority of the agent to make the sale, for the plaintiff in purchasing did not rely upon said authority of the agent, but on the contrary relied upon the agent's personal title so that he has not been misled or prejudiced by any act of the principal which would be necessary to an estoppel.

APPEAL by the defendant, Bert Hawley, from a judgment of the County Court of Madison county in favor of the plaintiff, entered in the office of the clerk of the county of Madison on the 25th day of April, 1919, upon the decision of the court rendered after a trial without a jury.

*Hubert L. Brown,* for the appellant.

*Ward N. Truesdell,* for the respondent.

COCHRANE, J.:

The facts in this case may be tersely stated. One Franklin was the general agent to buy and sell cows for the defendant. That fact was known to the plaintiff. Franklin had in his possession a cow belonging to the defendant. Franklin claimed to be the owner of such cow by purchase from the defendant and as such owner sold and delivered her to the plaintiff for one hundred and twenty-five dollars. Plaintiff although aware of the agency did not rely thereon but relied on the ownership of Franklin and gave him in payment for the cow thirty dollars and a receipt for a debt of ninety-five dollars which Franklin was owing him. Defendant as the owner of the cow claiming that he had instructed Franklin not

to sell her took her from the possession of the plaintiff. The latter brings this action for conversion.

The question is one of title. Although Franklin was the agent of the defendant such agency in respect to this particular transaction is disclaimed by both parties and also by Franklin. The plaintiff and Franklin say that the latter was the owner of the property which was purchased by plaintiff on the strength of such ownership. The defendant says the property was his and that he had forbidden its sale by Franklin. "It is an old doctrine, from which there has never been any departure, that an agent cannot bind his principal, even in matters touching his agency, where he is known to be acting for himself or to have an adverse interest." (*Manhattan Life Ins. Co.* v. *Forty-second Street & Grand Street Ferry R. R. Co.,* 139 N. Y. 146, 151, and cases there cited.) The finding of the trial court is that the property was owned by the defendant. As Franklin, therefore, did not own the property and did not as agent sell it to plaintiff the latter acquired no title.

The decision went against the defendant on the ground apparently that he was estopped from denying the authority of Franklin to make the sale. Mere possession has never been held to confer power to sell. (*Smith* v. *Clews,* 114 N. Y. 190, 194.) "The owner of merchandise must have done some act by which another is clothed with the apparent *jus disponendi* in order to create an estoppel upon his rights." (*Marine Bank* v. *Fiske,* 71 N. Y. 353, 358.) The essence of an estoppel is that the person claimed to be estopped has in some manner misled the other party or caused him to act to his prejudice. The act constituting the alleged estoppel is that the defendant had permitted Franklin to sell cows for him as his agent and that he thereby clothed him with the apparent *jus disponendi* or *indicia* of ownership in respect to this particular cow then in his possession. The difficulty is that the plaintiff did not rely on such *indicia.* If relying on the agency he had purchased the cow as the property of the defendant the latter might be estopped. If not knowing of the agency but knowing that Franklin was buying and selling cows he had made the purchase in question there might be an estoppel. But knowing of the agency and not relying thereon he has not been misled or prejudiced. His knowledge that Franklin was

selling cows for the defendant instead of misleading him should have put him on his guard and made him more wary when Franklin told him this particular cow was his own. By that statement Franklin in effect told him that he was not making the sale by any authority derived from the defendant. And that was the statement on which the plaintiff relied and acted. No element of estoppel, therefore, exists.

The case is not distinguishable in any material respect from *Sage* v. *Shepard & Morse Lumber Company* (4 App. Div. 290; affd., on opinion below, 158 N. Y. 672).

On the findings and the testimony of the plaintiff the defendant is entitled to judgment.

The judgment should be reversed and the complaint dismissed, with costs.

All concur.

Judgment reversed and complaint dismissed, with costs.