MAXHERMAN Co., INC., Appellant, *v.* ISAAC ALPER and Another, Copartners, Doing Business as ALPER BROS., Respondents. ·

First Department, October 31, 1924.

Sales — acti n to recover value of goods — motion by defendant for judgment on pleadings — complaint drawn in form of common count in assumpsit — bill of particulars shows that possession of goods was acquired by third persons with intent not to pay therefor, and that defendants secured goods from third persons on alleged purchase with knowledge of facts — law implies agreement by defendants to pay reasonable value — complaint is sufficient.

A complaint in the form of a common count in assumpsit to recover the value of goods alleged to have been sold to the defendants at their special instance and request, is sufficient on motion by the defendant for judgment on the pleadings, though the bill of particulars filed by the plaintiff shows that the goods in question were delivered to third persons on a sale thereof for cash; that said third persons acquired possession of the goods fraudulently without paying therefor, and with intent not to pay therefor, and sold the goods to the defendants who had full knowledge o' the facts; that the third persons did not have any title to the goods; and that the defendants refused to deliver the goods to the plaintiff upon demand.

When the defendants acquired possession of the goods with knowledge that the third persons did not have any title thereto and then refused to deliver the goods to the plaintiff on demand, the law implied an agreement on the part of the defendants to pay the reasonable value of the goods.

DOWLING, J., dissents.

APPEAL by the plaintiff, Maxherman Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of March, 1924, granting the defendants' motion for judgment on the pleadings, and also from the judgment entered in said clerk's office on the 24th day of March, 1924, pursuant to said order.

*Abraham Benedict*, for the appellant.

*H. & J. J. Lesser* [*Harry Yarm* of counsel], for the respondents.

Merrell, J.:

The action is brought to recover the alleged value of certain ladies' dresses alleged in the complaint to have been sold and delivered to the defendants at their special instance and request. The complaint is in the common-law form. The answer, by not denying, admits the allegations of the complaint as to the incorporation of the plaintiff and that the defendants are copartners and contains a general denial as to the other allegations. A bill of particulars was served by the plaintiff after demand. In such bill of particulars it is stated that specifications 1 to 10, both inclusive, contained in the defendants' notice of motion cannot be complied with by the plaintiff for the reason that the action is not based upon a consensual transaction between the plaintiff and the defendants. The plaintiff then sets forth in such bill of particulars the facts out of which plaintiff claims the defendants' liability arises. Such facts are therein alleged to be substantially as follows: On December 21, 1922, plaintiff entered into a contract of sale with Leo Triestman and Isadore Triestman, who were then doing business under the firm name and style of Gothic Dress Company; that the plaintiff agreed to sell to said Triestmans at their place of business in the city of New York 127 dresses then and there selected by them at $8.50 each; that said Triestmans " undertook and faithfully promised " to pay the purchase price which amounted to the sum of $1,079.50 *in cash* upon delivery thereof; that it was a condition of said contract of sale that said Triestmans should pay said purchase price in cash or by certified check upon the delivery of said merchandise; that on the same day an employee of the plaintiff offered to deliver said merchandise to the Triestmans at their place of business upon receipt of the purchase price in cash or a certified check; that the Triestmans after a long delay handed to the plaintiff's representative an *uncertified* check for the aforesaid sum and instructed him to present it to the drawee bank in the same building for certification; that the check was so presented for certification and was refused upon the ground that the drawers had not sufficient funds; that plaintiff's representative then returned to the place of business of said Triestmans and was assured that a member of said firm would in a short time go to their office and pay the aforesaid amount in cash; that one of plaintiff's officers joined the aforesaid representative at Triestmans' office and after waiting until after the close of business hours the plaintiff's representatives were informed that the cash could not be supplied that day and were requested to return the next morning to receive it; that plaintiff's representatives refused so to do and attempted to *remove* and take away the merchandise; that said Triestmans called a number of

employees to their aid and by force prevented the plaintiff's representatives from carrying away said merchandise, and threatened said representatives with personal violence, thus preventing the removal of the merchandise; that immediately thereafter Leo Triestman called an officer of the plaintiff by telephone and asked him to go to the Pennsylvania Hotel where a check would be handed him for the purchase price; that the parties proceeded to the Pennsylvania Hotel where they met said Leo Triestman who signed a check of the Gothic Dress Company on the Chatham and Phenix Bank which had theretofore been drawn in the office of said Triestmans; that it was then too late to present said check for certification; that such check was received by such officer of the plaintiff upon the distinct statement and condition that it was received as payment for the aforesaid merchandise only if such check should on the next morning be certified by the drawee bank; that the former check was returned and the merchandise left in said Triestmans' place of business solely because the plaintiff was by force prevented from removing it; that no delivery of it had been made; that before nine o'clock, December twenty-second, the plaintiff presented said check to the Chatham and Phenix Bank and that certification was refused; that plaintiff's said officer immediately went to Triestmans' place of business; that said merchandise had already been removed; that Isadore Triestman requested the plaintiff's said officer to wait for about one-half hour when said Triestman would return and bring cash for the amount of the check; that plaintiff's officer waited all day, received frequent telephone assurances, but that Triestman failed to return to the office, and no part of the purchase price was paid; that the Triestmans did not intend to pay for the merchandise and intended feloniously to take and steal the same; that such merchandise was on December twenty-first or early December twenty-second sold and delivered by the Triestmans to the defendants at a price much below the market value thereof; that defendants have never paid any part of such purchase price to said Triestmans, and that the defendants when they bought said merchandise knew that said Triestmans had no title thereto; that on December twenty-third before said defendants had sold any of said merchandise, the plaintiff notified them that the plaintiff was the owner of such merchandise; that said Triestmans had no title thereto or right to sell the same, and demanded the return thereof, which the defendants refused.

The motion having been made upon the pleadings, the plaintiff's bill of particulars forms a part thereof and the facts therein stated must be deemed to be true. The learned trial court granted the

defendants' motion apparently upon the ground that the cause of action set forth in the complaint was not the cause of action which the bill of particulars disclosed the plaintiff had, if any.

The appellant contends that it has waived the tort set forth in the bill of particulars and has a right to sue to recover upon contract, and that the complaint sets forth a good cause of action. Assuming that the facts stated in the bill of particulars are true, it is apparent that no title to the goods in question passed to the Triestmans for the reason that there was no valid delivery thereof, and that so far as disclosed in the pleadings the plaintiff never waived the condition of the contract of sale that the goods should be paid for in cash or by a certified check. (*Chapman* v. *Lathrop,* 6 Cow. 110; *Acker* v. *Campbell,* 23 Wend. 372; *Kingman* v. *Hotaling,* 25 id. 423; *Ballard* v. *Burgett,* 40 N. Y. 314; *Stanton* v. *Hawley,* 193 App. Div. 559.) As the bill of particulars alleges that the defendants took the goods with full knowledge of the facts and with full knowledge that the Triestmans had no title thereto, and that the defendants refused to deliver the same to the plaintiff upon demand, it clearly states a good cause of action. The plaintiff has sought to set forth its cause of action in a complaint drawn in the form of a common count in assumpsit. In all cases of conversion the law imposes the duty to pay for the goods unlawfully taken or retained. No title to the goods having passed to the Triestmans the defendants obtained none and refused to deliver such goods upon demand. The law, therefore, implies an agreement to pay the reasonable value thereof. (*Talbot* v. *Bank of Rochester,* 1 Hill, 295; *Harpending* v. *Shoemaker,* 37 Barb. 270; *McGoldrick* v. *Willits,* 52 N. Y. 612; *Goodwin* v. *Griffis,* 88 id. 629; *Terry* v. *Munger,* 121 id. 161; *Worthington* v. *Worthington,* 100 App. Div. 332; *Rodgers & Hagerty, Inc.,* v. *Brunswick Marine Construction Corp.,* 188 id. 272.) While it seems to me that every complaint should state facts giving rise to a cause of action, complaints in the common-law form have been sustained since the enactment of the Civil Practice Act. Such being the case, I cannot distinguish the complaint in the case at bar, supported as it is by the bill of particulars, from the complaints in numerous other adjudicated cases.

The order and judgment appealed from should be reversed, with costs, and the defendants' motion for judgment on the pleadings denied, with ten dollars costs.

CLARKE, P. J., SMITH and McAVOY, JJ., concur; DOWLING, J., dissents.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.