Max Rosenzweig, Respondent, *v.* Herman Schmitt, Appellant, Impleaded with Merco Leasing Corporation and Another, Defendants.

First Department, April 10, 1931.

*Lloyd B. Kanter* of counsel [*Lewis, Marks & Kanter,* attorneys], for the appellant.

*Louis Susman,* for the respondent.

O'Malley, J. The motion of the defendant Schmitt to dismiss the complaint was predicated upon such pleading, the answer and

admissions contained in plaintiff's bill of particulars. It is well settled that admissions contained in a bill of particulars may be considered on a motion for judgment on the pleadings and that upon such a motion " the court may consider whatever might properly be considered on a motion for judgment at the opening of the trial." (Civ. Prac. Act, § 476; *Dineen* v. *May*, 149 App. Div. 469.) It is also the rule that a bill of particulars may be considered as part of a pleading and that the facts therein contained are deemed to be true. (*Maxherman Co., Inc.*, v. *Alper*, 210 App. Div. 389.)

The complaint alleges that the two corporate defendants and the defendant Schmitt employed the plaintiff to procure a tenant for certain premises upon their promise to pay him commissions upon the aggregate gross rental; that he procured a tenant and a lease was duly entered into between the landlord thereof and the tenant procured, by reason of which the plaintiff became entitled to commissions in the sum of $2,835. This amount is also alleged to be the reasonable value of the services rendered. The answer of the three defendants is in substance a general denial.

Plaintiff's bill of particulars alleges that the defendant Schmitt originally employed him to procure a tenant, but upon stipulation that Schmitt would not pay any commission to the plaintiff " but that same would have to be paid by the person or corporation becoming a tenant of the said premises;" that plaintiff submitted to the corporate defendants, one of which, the Merco Leasing Corporation, was a subsidiary of the other defendant, the Nathan Strauss, Inc., defendant Schmitt's proposal to lease the premises upon the understanding " that the commissions of plaintiff would be paid by the tenant accepting said lease;" and that such proposal was accepted by the corporate defendants.

It is further alleged in the bill that the promise on behalf of the defendant corporations to compensate plaintiff for his services was made by one Mercer, secretary of the defendant Merco Leasing Corporation, acting on behalf of the defendant Nathan Strauss, Inc., and that such promise and agreement on the part of said defendants were made at the time and place when and where the details of the transaction were submitted to such defendants. The bill sets forth a letter claimed to have been submitted by the plaintiff to the defendant Nathan Strauss, Inc., inclosing information respecting the property. After stating that the property might be leased as stated in the particulars submitted, the letter continues: " If a deal should be consummated, it is absolutely understood that the commission to the broker will have to be paid by the lessee."

Further, the bill states that subsequent to the sending of this letter, Mercer, acting on behalf of the corporate defendants, accepted the negotiations initiated by the plaintiff and accepted his proposal that the commission in connection with the leasing of the premises would have to be paid by the parties signing the lease; that thereafter the negotiations were taken out of plaintiff's hands and conducted by the three defendants among themselves without his knowledge, and that subsequently a 'lease was entered into between the defendant Schmitt and one of the corporate defendants; that the plaintiff notified the defendant Schmitt of the fact that he was negotiating with the corporate defendants.

In view of the admissions contained in the bill of particulars we are of opinion that the defendant Schmitt is entitled to an order of dismissal, for the reason that it clearly appears that in negotiating with the plaintiff, Schmitt did so only upon the express stipulation that he would not be obligated to pay the commission, but that such would have to be paid by the lessee.

The respondent urges in support of the order made that the allegations in the bill of particulars justify the inference that the defendants conspired among themselves to defeat his claim by negotiating among themselves without his knowledge and at a time when it was known to all of them that he was the broker in the transaction.

We are of opinion that no such inference is justified. No suggestion is contained in the complaint of any unlawful interference by the defendants with plaintiff's contract rights, and nothing is alleged therein to bring the case within the principle of the authority relied upon by the respondent. (*Hornstein* v. *Podwitz*, 254 N. Y. 443.) If plaintiff has any such cause of action, he has failed to set it forth in the pleadings before us.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within ten days after service of a copy of the order to be entered hereon, upon payment of said costs.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within ten days from service of order upon payment of said costs.