■ JOHN TUCKER, Appellant, v PAUL B. EVANCZIK, Respondent. — Order affirmed, with costs. All concur except Dillon, P. J., and Witmer, J., who dissent and vote to reverse and remit the matter to the City Court of the City of Jamestown for trial of the issue of damages, in the following memorandum.

Dillon, P. J., and Witmer, J. (dissenting). Plaintiff and Ethel Pacitti, unmarried, lived together for several years, she using the name of Ethel Tucker. During that period they jointly purchased a 1971 Buick automobile and registered it in the names of John Tucker and Ethel Tucker. In December, 1976 they disagreed, and Ethel left plaintiff, taking the automobile with her. Without plaintiff's consent or knowledge Ethel signed plaintiff's and her own names on the certificate of registration as vendors and sold and delivered the automobile to defendant for the sum of $1,700. Defendant paid that amount by check payable only to Ethel, and all of the proceeds thereof were retained by her. Defendant was without knowledge that Ethel had forged plaintiff's name on the certificate. Instead of pursuing his rights against Ethel for one half of the proceeds of the sale or seeking criminal prosecution of her for wrongfully selling his interest in the automobile, plaintiff instituted this action against defendant for conversion of his one-half interest in the automobile, demanding the sum of $1,100 in damages. City Court concluded that by failing to sue Ethel or bring criminal charges against her plaintiff gave retroactive consent to her forging his name on the certificate of registration and thus empowered her to convey title of the automobile to defendant; that therefore plaintiff is estopped from suing defendant for conversion of his interest in the vehicle; and the court dismissed the complaint. On appeal to County Court, the judgment of dismissal was affirmed, the court holding that defendant was an innocent purchaser of the vehicle and that plaintiff's conduct estopped him from maintaining this action. On further appeal, a majority of this court concur in that affirmance, concluding that because plaintiff had permitted Ethel to use his surname with her first name on the certificate of ownership, he had empowered, if not authorized, her to convey title in the vehicle to defendant as a bona fide purchaser under subdivision (1) of section 2-403 of the Uniform Commercial Code. We disagree. We find no evidence that plaintiff had given apparent authority to Ethel to sell his interest in the vehicle or that he authorized or empowered her to place his name on the certificate of registration as vendor of the vehicle or that he misled defendant in any way to believe that Ethel was authorized to convey plaintiff's interest in the vehicle (see *Knox v Eden Musee Americain Co.*, 148 NY 441, 456 *et seq.*; cf. *Zendman v Harry Winston, Inc.*, 305 NY 180, 186-187; *McNeil v Tenth*

*Nat. Bank,* 46 NY 325, 329-330). There is no basis for defendant to assert estoppel against plaintiff in this case *(Stanton v Hawley,* 193 App Div 559). Failing to communicate with plaintiff, defendant ran the risk as to the genuineness of plaintiff's signature on the certificate and as to plaintiff's knowledge of or consent to the sale of the automobile. By the simple expedient of making his $1,700 check in payment for the vehicle payable to plaintiff and Ethel, defendant could have avoided the risk as to the genuineness of plaintiff's signature on the certificate. Instead, by making his check payable only to Ethel he ill-advisedly assumed the risk as to Ethel's honesty and authority to convey plaintiff's interest in the automobile. "As between two innocent victims of the fraud [by Ethel], the one who made possible the fraud on the other should suffer" *(Island Trading Co. v Berg Bros.,* 239 NY 229, 233). It is immaterial that defendant acted in good faith. "[A] *bona fide* purchaser [from] one who has no right to sell * * * has no lawful possession as against the owner" *(Employers' Fire Ins. Co. v Cotten,* 245 NY 102, 104). At best Ethel was a gratuitous bailee of plaintiff's one-half interest in the automobile. Her attempt to sell it without plaintiff's consent amounted to a termination of the bailment, and plaintiff as "bailor may recover in trover either from the bailee, or from anyone into whose hands the property may come" (9 Williston, Contracts [3d ed], 1041, p 919). He need not first exhaust his rights against Ethel. Ethel's action in selling plaintiff's interest in the automobile amounted to a conversion of it *(Laverty v Snethen,* 68 NY 522; 10 NY Jur, Conversion, §§ 25, 39-40, 46); and defendant's continued possession of plaintiff's interest in the automobile after notice that plaintiff had not authorized the sale amounted to a conversion thereof by defendant *(Employers' Fire Ins. Co. v Cotten,* 245 NY 102, 104-105, *supra; Smith v Clews,* 114 NY 190, 194; *Slank v Dell's Dodge Corp.,* 46 AD2d 445, 447; 10 NY Jur, Conversion, 41). By virtue of defendant's conversion of plaintiff's interest in the automobile, the law implies an agreement on his part to pay plaintiff therefor *(Maxherman Co. v Alper,* 210 App Div 389, 392). (Appeal from order of Chautauqua County Court — conversion.) Present — Dillon, P. J., Schnepp, Callahan, Doerr and Witmer, JJ.