JOSEPH BECK, Respondent, *v.* ONLY SKIRT COMPANY, Appellant.

First Department, March 9, 1917.

Principal and agent — action for wrongful discharge under contract for services involving fancy, taste and judgment — reason for discharge — rule that employer must not be arbitrary nor unreasonable in his dissatisfaction not applicable — when comment on such rule before jury prejudicial error.

Action for wrongful discharge under a contract by which the plaintiff was employed for one year as a designer and maker of ladies' skirts. The contract provided: "The party of the second part [plaintiff] hereby agrees to give his entire time to designing and the making of new styles and to serve them [defendant] diligently and faithfully according to the best of his ability, and also to their entire satisfaction, of which satisfaction, parties of the first part [defendant] shall be the sole judges." The defendant alleged that the ground of the discharge was its dissatisfaction with plaintiff's services, but the plaintiff testified that the ground assigned was necessity for economy.

*Held,* that in such a case the question whether the fancy, taste or judgment of the employer is arbitrary or unreasonable does not arise, the question being whether the claimed dissatisfaction was feigned or genuine;

That the evidence concerning the issue being very close, it was prejudicial error for the court to import the element of reasonableness in the discussion of a motion to dismiss, and later in his instruction to the jury.

In actions for alleged wrongful discharge arising upon contracts for services involving fancy, taste and judgment, when the employer introduces evidence that he was dissatisfied and discharged the employee for that cause, and the employee introduces evidence which, if believed, shows that the assigned cause was feigned, an issue of fact arises as to whether the cause of discharge was as claimed by the employer.

APPEAL by the defendant, Only Skirt Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of May, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of June, 1916, denying defendant's motion for a new trial made upon the minutes.

*Ira Skutch,* for the appellant.

*Jacob Manheim,* for the respondent.

SHEARN, J.:

The action was brought for wrongful discharge under a contract by which the plaintiff was employed for one year as a designer and maker of new styles of ladies' skirts. The contract provided: "The party of the second part [plaintiff] hereby agrees to give his entire time to designing and the making of new styles, and to serve them [defendant] diligently and faithfully according to the best of his ability, and also to their entire satisfaction, of which satisfaction, parties of the first part [defendant] shall be the sole judges."

Plaintiff was discharged, and defendant alleges that the ground of the discharge was defendant's dissatisfaction with plaintiff's services. The learned trial justice was of the opinion, as shown in a long discussion in the presence of the jury on the motion to dismiss, that under such a contract as this the employer must not be arbitrary or unreasonable in his dissatisfaction. That is not the rule where the contract, as here, is for services involving fancy, taste and judgment. (*Crawford* v. *Mail & Express Pub. Co.*, 163 N. Y. 404.) In such a case, the question whether the fancy, taste or judgment of the employer is arbitrary or unreasonable does not arise, the question being whether the claimed dissatisfaction was feigned or genuine.

The court was requested to charge: "The question of motive is immaterial if defendant was in fact dissatisfied with the plaintiff's work." The court said: "I charged [meaning I charge] that with the modification that of course the motive that caused the defendants to discharge the plaintiff is the all-important one in determining whether or not they were reasonably dissatisfied with his work, because his work was defective, and not because he was discharged for reasons of economy, as claimed by the plaintiff." Defendant excepted, and then took an exception to the court's refusal to charge the following request (which, however, was not read to the jury): "The question of whether defendant's dissatisfaction was reasonable cannot be considered by the jury, as an element of this case."

This is a very close case on the evidence. A former verdict in favor of the plaintiff upon substantially the same evidence

was set aside as against the weight of the evidence. (171 App. Div. 906.) Upon the trial under review the jury first sought the court's sanction to render a compromise verdict. Under the circumstances of the case, the error complained of cannot be regarded as not prejudicial. The jury must have heard the court erroneously import the element of reasonableness in discussing the motion to dismiss. Again, near the conclusion of the charge, this element was erroneously injected. Its tendency was not only to confuse but to convey to the jury the impression that the jury had a right to weigh the reasonableness of defendant's alleged dissatisfaction with the plaintiff's services.

Appellant further contends that the complaint should be dismissed because the defendant informed the plaintiff that it was dissatisfied with his services, the claim being that such is the effect of the decision in *Crawford* v. *Mail & Express Pub. Co.* (*supra*). Any such inference from the *Crawford* case is unwarranted. It would be tantamount to holding that under such a contract as this the employer may discharge at will although the employee is bound for a year. Moreover, the plaintiff denied that when he was discharged dissatisfaction was assigned as the ground, and he testified that the assigned ground was the necessity for economy. This conflict presented an issue of fact irrespective of the genuineness of the employer's alleged dissatisfaction. In these cases arising upon contracts for services involving fancy, taste and judgment, when the employer introduces evidence that he was dissatisfied and discharged the employee for that cause, and the employee introduces evidence which, if believed, shows that the assigned cause was feigned, an issue of fact arises as to whether the cause of discharge was as claimed by the employer, namely, whether the employer was in fact dissatisfied.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.