MYRON M. STUDNER, Appellant, *v.* THE H. & N. CARBURETOR CO., INC., Respondent.

First Department, December 6, 1918.

**Master and servant — action for breach of contract of employment — agreement that master may discharge employee if dissatisfied with services — evidence not justifying discharge — charge.**

Action to recover damages for breach of a contract of employment whereby the defendant had the option to cancel the contract if, after thirty days, it was dissatisfied with the plaintiff's services. The jury found for the plaintiff, but the judgment was reversed by the Appellate Term. Evidence examined, and *held*, that the jury was justified in finding that the defendant was not dissatisfied with the manner of the plaintiff's services, and did not discharge him for that cause, but for the reason that the device of which he was sales manager was defective and unmarketable.

Under the contract of employment aforesaid, the defendant was required to show not only cause for dissatisfaction with the plaintiff's services, but that such cause was the reason for his discharge.

It is not reversible error for the court to deny a request to charge where the matter embodied in the request has already been fully charged.

APPEAL by the plaintiff, Myron M. Studner, from a determination and order of the Appellate Term of the Supreme Court

in favor of the defendant, entered in the office of the clerk of the county of New York on the 9th day of April, 1918, reversing a judgment of the City Court of the City of New York in plaintiff's favor and also reversing the order of said City Court denying defendant's motion for a new trial.

The order and determination appealed from also dismissed the complaint.

*S. Goodelman,* for the appellant.

*Millard F. Tompkins* of counsel [*William G. Decker* with him on the brief], for the respondent.

SMITH, J.:

The action was brought to recover damages for a breach of a contract of employment; the contract contained this clause: "If after thirty days from date we are dissatisfied with your services we will have the option of cancelling this agreement." In the City Court the trial judge submitted to the jury the issue whether the defendant was in good faith dissatisfied with the plaintiff's services and discharged him on that account, charging the jury that if such were the case, the plaintiff could not recover. The jury found for the plaintiff, in effect holding that the discharge was not by reason of any dissatisfaction with the plaintiff's services. This has been reversed by the Appellate Term upon the ground that no evidence was introduced to question the genuineness of the defendant's dissatisfaction. An examination of the record, however, discloses abundant evidence upon which the jury was authorized to find that the defendant was not dissatisfied with the manner of the plaintiff's services and did not discharge him for that cause, but discharged him for the reason that the carburetor of which the defendant was the sales manager in Brooklyn was defective and unmarketable. Reference is made in the opinion to the case of *Crawford* v. *Mail & Express Publishing Company* (163 N. Y. 404), but that case has been construed in several cases in this court and we have uniformly held that under such a provision in the contract the dissatisfaction must be real and must be the cause of the discharge in order to justify the same. (*Beck* v. *Only Skirt Co.,* 176 App. Div. 867.)

The respondent in this court asks that this judgment be sustained upon the ground that there was abundant cause for dissatisfaction with the plaintiff's work, but this fact could not be held as a matter of law and, moreover, is not the test of liability. Not only must there be cause for dissatisfaction, but such cause must have been the reason for the discharge and the conversation between the plaintiff and the defendant's representatives at the time of the discharge indicates other reasons then existing in the minds of the defendant's representatives actuating their conduct. Moreover, the respondent insists that even if this judgment be not fully sustained, it should be modified so as to allow a new trial by reason of errors of the trial judge. I have examined the record and the evidence claimed to be sufficient to justify the granting of a new trial and find no substantial error which would authorize an appellate court to interfere with the verdict of the jury. Again it is urged that the trial judge erred in refusing to charge as requested by the defendant to the effect that unreasonable or arbitrary termination by the defendant or dissatisfaction would still be a justification for the discharge, but the matter sought to have charged in this request had already been fully charged by the court which was not required to repeat the charge made in reference thereto.

The determination should, therefore, be reversed and the judgment of the City Court affirmed, with costs in this court and the Appellate Term.

CLARKE, P. J., DOWLING, SHEARN and MERRELL, JJ., concurred.

Determination reversed, with costs, and judgment and order of the City Court affirmed, with costs.