JOSEPH H. APPELGATE, Respondent, *v.* MACFADDEN NEWSPAPER PUBLISHING CORPORATION, Appellant.

First Department, October 30, 1925.

Master and servant — wrongful discharge — contract called for plaintiff's services as editor of defendant's newspaper and declared services to be special, unique and extraordinary — contract provided that services should be satisfactory to defendant — plaintiff discharged on ground that services were not satisfactory — pleadings — answer setting up as defense that plaintiff's services were not satisfactory is sufficient without alleging reason for dissatisfaction — only question is whether defendant's dissatisfaction was real or feigned.

In an action to recover damages for wrongful discharge, in which it appears that the contract between the plaintiff and the defendant provided that the plaintiff was to be employed as editor of the Saturday feature section and rotogravure section of defendant's newspaper, and that it was considered by the parties that plaintiff's services were special, unique, and extraordinary, and would be rendered to the satisfaction of the employer, a defense that the plaintiff failed to execute to the satisfaction of the defendant all instructions in respect to his duties given by the defendant is sufficient in law and does not require an allegation of the reasons for the defendant's dissatisfaction.

The only question to be determined in reference to the dissatisfaction of the defendant is whether or not it was real or feigned.

APPEAL by the defendant, MacFadden Newspaper Publishing Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of February, 1925, granting plaintiff's motion to strike out the first defense contained in the answer as insufficient in law.

*Eli S. Wolbarst* [*Joseph Schultz* with him on the brief], for the appellant.

*Almy, Van Gordon & Evans* [*William S. Evans* of counsel], for the respondent.

MERRELL, J.:

The action was brought to recover the sum of $12,000 damages alleged to have been sustained by the plaintiff by reason of his wrongful discharge by the defendant from its employ. The contract between the parties whereby the plaintiff was employed by

First Department, October, 1925. [Vol. 214

the defendant was in writing. The defendant is a newspaper publishing corporation and employed the plaintiff " as Editor of the Saturday feature section and to have charge of the Rotogravure section " of the defendant's newspaper. The contract, a copy of which is annexed to the complaint, recites that " Whereas, Mr. Appelgate is an editor possessing unique and original ability," and the employer desired to secure his exclusive services, the said Appelgate desiring to secure and accept employment with the defendant, " *First.* The Employer does hereby employ the Employee to render his services as Editor of the Saturday feature section and to have charge of the Rotogravure Section of the newspaper to be published by the MacFadden Newspaper Publishing Corporation exclusively * * *." It is further provided " that the Employee will work for and devote his entire time, skill, attention and energy to the Employer exclusively," and that " it being conceded by the Employee that his services are special, unique and extraordinary." In the 4th paragraph of the contract it is provided: " *Fourth.* The Employee shall faithfully execute to the satisfaction of the Employer all instructions in respect to his duties given by his Employer."

The plaintiff alleges that the contract in question was entered into between the parties on July 28, 1924, and that pursuant thereto and on or about August 4, 1924, the plaintiff entered upon his duties as editor of the Saturday feature section and took charge of the rotogravure section of the newspaper published by the defendant, and continued to perform such duties until on or about November 7, 1924, and duly performed all the terms and conditions on the part of the plaintiff to be performed under the said agreement; that on or about said last-mentioned date the defendant wrongfully and without just cause therefor discharged the plaintiff to plaintiff's damage in the sum of $12,000.

The first separate and distinct defense contained in the answer of the defendant to plaintiff's complaint and which has been stricken out by order of the Special Term as insufficient is in the following form:

" IV. That in and by the terms of the said contract hereinbefore referred to, and annexed to the plaintiff's complaint, it was provided that the employee shall faithfully execute to the satisfaction of his employer, all instructions in respect to his duties given by his employer.

" V. That the plaintiff did not faithfully execute to the satisfaction of his employer, all instructions in respect to his duties given by his employer.

" VI. That the plaintiff was duly notified that his services

became and were unsatisfactory to the defendant, and that on or about the 1st day of November, 1924, the defendant gave to the plaintiff due notice thereof, and that the said employment did so terminate on the 7th day of November, 1924."

I am of the opinion that the learned court at Special Term erred in holding said separate defense contained in the answer of the defendant insufficient, and that the same should not have been stricken from the pleading. A perusal of the contract discloses that the parties regarded the services of the plaintiff for which the defendant contracted as of the character commonly known as unique. The contract itself recites that " Mr. Appelgate is an editor possessing unique and original ability " Plaintiff was hired as " Editor of the Saturday feature section and to have charge of the Rotogravure Section " of the defendant's newspaper. There can be no doubt that the parties understood that the plaintiff was to render services involving " art, taste, fancy and judgment." (*Crawford* v. *Mail & Express Publishing Co.*, 163 N. Y. 404.) The decision of the learned court at Special Term was based upon the decision of the Court of Appeals in *Linton* v. *Unexcelled Fireworks Co.* (124 N. Y. 533), holding that the said first separate defense was insufficient in law within said decision. It is true that the *Linton* case held that in an action by an employee to recover damages for his wrongful discharge the defendant employer should plead new matter justifying the discharge as a separate defense, and that such a defense cannot be proven under a general denial contained in the answer. I think, however, that the separate defense contained in the answer of the defendant, and which has been stricken out, comes directly within the decisions of this court. (*Beck* v. *Only Skirt Co.*, 176 App. Div. 867; *Diamond* v. *Mendelsohn*, 156 id. 636; *Ginsberg* v. *Friedman*, 146 id. 779.)

In the case of *Beck* v. *Only Skirt Co.* (*supra*) this court reversed a judgment in favor of an employee entered after trial of the issues. In that case the answer contained a separate defense in justification of the plaintiff's discharge setting up the provisions of the satisfaction clause as contained in the contract. The answer in that case contained the following allegations by way of separate defense:

" *Fifth.* That thereafter the plaintiff entered the employ of the defendant but failed to perform the terms of said contract on his part to be performed and did not serve the defendant diligently and did not properly perform the duties for which he was employed.

" *Sixth.* That the said plaintiff did not serve the defendant to the entire satisfaction of the defendant and the defendant was in fact dissatisfied with the services of the plaintiff and the said

defendant thereupon discharged plaintiff on or about the 12th day of August, 1914."

In the *Beck* case as in the case at bar the separate defense set forth merely the employer's dissatisfaction with the employee's services in justification of its discharge of the plaintiff in that case. There, as here, the facts causing dissatisfaction of the employer were not set forth. This court, Mr. Justice SHEARN writing, said in that case (at p. 868): " Plaintiff was discharged, and defendant alleges that the ground of the discharge was defendant's dissatisfaction with plaintiff's services. The learned trial justice was of the opinion, as shown in a long discussion in the presence of the jury on the motion to dismiss, that under such a contract as this the employer must not be arbitrary or unreasonable in his dissatisfaction. That is not the rule where the contract, as here, is for services involving fancy, taste and judgment. (*Crawford* v. *Mail & Express Pub. Co.*, 163 N. Y. 404.) In such a case, the question whether the fancy, taste or judgment of the employer is arbitrary or unreasonable does not arise, the question being whether the claimed dissatisfaction was feigned or genuine."

In *Crawford* v. *Mail & Express Publishing Co.* (*supra*) the plaintiff was employed as an editor to write at least two columns a week on the progress of the world or other appropriate subjects for publication in *The Mail and Express*, and in his contract with the defendant agreed that his services would be satisfactory to the defendant, and that in case they were not he should receive one week's notice. In discussing the absence of limitation upon the exercise by the employer of its judgment as to what was satisfactory to it, the Court of Appeals said (at p. 407): " But, on the part of the publishers of *The Mail & Express*, it is very clear that they did not intend to be bound for a period longer than his services proved satisfactory, and that they expressly reserved the right to discharge him upon a week's notice. It is also apparent from a reading of the contract that the employment was not intended to be that of an ordinary servant to perform work, labor and services of an ordinary business or of a commercial nature. He was not called upon to perform the work of an ordinary reporter, writing up the general news of the day, but contracted to prepare articles on the progress of the world or other appropriate subjects in the line of the policy of the paper for the purpose, as expressed, of promoting the general interests of the paper, of aiding in its circulation and the obtaining of advertisements, by improving the quality of its contents. The evident design was that the articles should be interesting and attractive, involving art, taste, fancy and judgment. There is no provision in the contract in any manner

limiting the publishers in the exercise of their judgment as to what is satisfactory, but if his services are unsatisfactory for any reason they are given the right to terminate the employment upon a week's notice, at any time they so elect."

In *Diamond* v. *Mendelsohn* (*supra*) the contract required the employee to " perform the duties of foreman competently and energetically to the best of his abilities and complete satisfaction of his employers." Mr. Justice CLARKE of this court, now its presiding justice, in writing in that case said: " There is no doubt that under the terms of this written contract [above stated] it lay within the power of the defendants to discharge the plaintiff because he did not perform his duties to their complete satisfaction and that it would not be proper to submit to a jury the question whether they ought to have been satisfied."

In the course of his opinion in *Ginsberg* v. *Friedman* (*supra*) Mr. Justice SCOTT of this court said (at p. 781): " The only question to be determined was whether or not the defendant was in fact dissatisfied, and discharged the plaintiff for that reason. If his dissatisfaction was real, and not assumed merely to rid himself of his employee, it was of no consequence whether or not the jury thought that he ought to have been satisfied. (*Crawford* v. *Mail & Express Publishing Co.*, 163 N. Y. 404.) "

It, therefore, seems very clear to me that the only question to be determined upon the trial was as to whether the dissatisfaction pleaded by the defendant as ground for the discharge of the plaintiff was real or feigned. If the dissatisfaction was a mere whim of the employer, then, of course, it was not justified in terminating the contract, but if, in fact, the defendant was dissatisfied with the special and unique services rendered by the plaintiff as editor, then the defendant was justified in discharging him. The contract with the plaintiff clearly involved personal taste, fancy and judgment, and when the employer became dissatisfied with the services of the character specified which its employee was to render, it had the right to discharge him and was not called upon to give reasons therefor.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the plaintiff's motion denied, with ten dollars costs.

CLARKE, P. J., FINCH, McAVOY and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.