SIMON GUTNER, Plaintiff, *v.* SUCCESS MAGAZINE CORPORATION and Another, Defendants.

Supreme Court, Westchester County, January 30, 1928.

*Pfeiffer & Cramer* [*Alexander Pfeiffer* and *Charles M. Joseph* of counsel], for the plaintiff.

*White & Case* [*Chester Bordeau* of counsel], for the defendant Success Magazine Corporation.

GEORGE H. TAYLOR, JR., J. Considering upon this motion, which is for judgment upon the pleadings upon the sole ground that the complaint does not state facts sufficient to constitute a cause of action, the pleadings, as well as the plaintiff's bill of particulars (*Maxherman Co., Inc.* v. *Alper*, 210 App. Div. 389), we must take as facts (a) that the contract between the plaintiff's assignor and the corporate defendant was made on December 9, 1924 — the assignor's original proposal being dated November 7, 1924 — and that the term during which the agreed services of the assignor relating to the *Success* magazine were to be rendered, was five years " beginning with the issue of January, 1925;" but subject to the contract

provision " that should our [assignor's] work and service be unsatis-factory to you [corporate defendant] this contract may be cancelled at the end of any year by your having given us notice to such effect ninety days previous to the expiration of that year   *   *   *;" (b) that the corporate defendant on August 20, 1925, in writing, formally notified the assignor, " in accordance with the terms of your proposal dated November 7, 1924," in effect that the " present arrangement " would be canceled as of December 31, 1925; (c) that the corporate defendant refused — whether after August 20, 1925, or after December 31, 1925, is not clear from the complaint, although the bill intimates the latter date — to permit the assignor to continue his performance of the contract; (d) that damages were suffered by the assignor.

Clearly, if the contract contemplated a definite period of service for five years, without qualification, and the corporate defendant at any time during the term refused to permit and thereby prevented the assignor's performance of the contract on its part, a breach of the contract on the corporate defendant's part would exist by reason of such refusal and prevention.   The pleaded contract was termin-able in the manner and at any of the times stated, only in the event that the work and service of the assignor should be " unsatis-factory " to the corporate defendant.   The pleaded notice of August 20, 1925, purports to be given " in accordance with the terms " of the assignor's proposal of November 7, 1924; hence the inference is at least permissible that the corporate defendant impliedly asserted its dissatisfaction with the assignor's " work and service "— and this notwithstanding that there are other expres-sions in the said notice indicating that the attempted cancellation might have been on other grounds not within the contract provision.

I determine as a matter of law that the corporate defendant could not cancel the contract by notice because of dissatisfaction with the assignor's work, unless such dissatisfaction was real and the cause of the cancellation.   (*Studner* v.   *H.   &   N.   Carburetor   Co., Inc.,* 230 N. Y. 534, affg. 185 App. Div. 131, which reversed 169 N. Y. Supp. 1001; *Beck* v. *Only Skirt Co.,* 176 App. Div. 867.)

I think that upon certain terms of the corporate defendant's letter of August 20, 1925, taken in connection with the terms thereof intimating that the cancellation was in " accordance with the pro-posal," that is, for dissatisfaction on the part of the corporate defendant, there is presented a question of fact whether the claimed dissatisfaction with the assignor's work was real or feigned. (*Studner* v. *H. & N. Carburetor Co., Inc., supra,* 185 App. Div. 131.)

Both counsel have learnedly discussed the doctrine of anticipatory breach of contract (*Ga Nun* v. *Palmer,* 202 N. Y. 483), and for that

reason I have tried to consider just what that doctrine has to do with the situation presented by the pleadings on this motion. I determine that no question of anticipatory breach of contract is here involved. The breach pleaded is a refusal on the part of the corporate defendant to permit the plaintiff's assignor to continue with the performance thereof — in effect prevention of the assignor's performance at least after December 31, 1925, is pleaded.

The complaint states a cause of action against the corporate defendant, whose motion for judgment on the pleadings is denied, with ten dollars costs to the plaintiff to abide the event of the action. Settle order on notice.