SIMON GUTNER, Plaintiff, *v.* SUCCESS MAGAZINE CORPORATION and Another, Defendants.

Supreme Court, Westchester County, February 1, 1928.

*Pfeiffer & Cramer* [*Alexander Pfeiffer* and *Charles M. Joseph* of counsel], for the plaintiff.

*White & Case* [*David Paine* of counsel], for the defendant Frederick C. Lowrey.

GEORGE H. TAYLOR, JR., J. As between the plaintiff and the corporate defendant, the former herein seeks to recover damages for breach of contract (read my memorandum deciding another motion herein, 136 Misc. 257). The individual defendant now moves for judgment upon the pleadings in his favor, upon the sole ground that the complaint does not state facts sufficient to constitute a cause of action (as to him). The bill of particulars has been considered also. (*Maxherman Co., Inc., v. Alper,* 210 App. Div. 389.) Said defendant's claimed liability is predicated upon a " guarantee " by him signed and for a valuable consideration delivered to the plaintiff's assignor (Giles Printing Company), subsequent to the pleaded contract first mentioned. In the instrument, which is unambiguous (See *Hamilton Trust Co.* v. *Shevlin,* 156 App. Div.

307; affd., 215 N. Y. 735), the corporate defendant is referred to as the "Corporation." The document recites the individual defendant's interest in the corporate defendant and his desire that the assignor extend credit to that corporation "by the sale of merchandise or otherwise;" therein, to quote from the instrument, the individual defendant " * * * hereby guarantees absolutely and unconditionally to the said Giles Printing Company [assignor] the payment at maturity of any notes, bills, or accounts due or to become due to the said Giles Printing Company for merchandise heretofore or hereafter at any time sold or delivered by it to the said Corporation, whether sold on open account, notes, bills or otherwise, or due or to become due to the said Giles Printing Company on any loans or claims to or against said corporation heretofore or hereafter made or arising * * *."

Liability under the instrument is expressly limited to $40,000; by its terms the guaranty is made a continuing one; authority to the assignor is conferred thereby to extend the time of payment of accounts, to accept promissory notes, etc., as evidence of such accounts, or to extend the time of payment of any note, etc.— all without notice to the guarantor and without affecting the validity of the instrument; and among still other provisions not affecting this determination, the same provides for its remaining in force "until written notice to terminate or discontinue the same is given by registered mail addressed to the Giles Printing Company by the undersigned" (individual defendant). It concludes, " * * * but this guarantee shall be binding upon the undersigned for any sum or sums within the limit hereof fixed which may be owed to the Giles Printing Company by said corporation for merchandise sold, delivered or contracted for, or other credit advanced or obligation incurred, up to the time of the giving of said notice, in writing, to terminate or discontinue."

Plaintiff's basic claim against the corporate defendant is for the damages for breach of contract because of the latter's refusal to permit the assignor to continue to perform, and said defendant's prevention of the assignor's continued performance of the latter's contract to render certain services to the corporate defendant during the term of the pleaded contract. Plaintiff contends that the individual defendant, by virtue of the terms of the guaranty, is liable to the plaintiff for the amount of such damages, not exceeding $40,000. The individual defendant claims that such damages are not within the purview of said instrument. The following features of the guaranty are manifest: (a) The individual defendant's financial interest in the corporate defendant appears, as well as the former's desire that credit be extended to the corporation by the

assignor, " *by the sale of merchandise or otherwise* " (italics mine). (b) The guaranty expressly contemplates the payment at maturity by the principal debtor (1) of amounts due or to become due for merchandise theretofore or thereafter delivered, whether represented by open account, notes, bills or otherwise, (2) of amounts due or to become due on loans to or *claims against* said corporation theretofore or thereafter made or arising — within the limit in amount prescribed. The instrument does not in express terms make the moving defendant liable to pay damages for the breach of the corporate defendant's contract alleged in the complaint. Therefore, if he is so liable his liability must follow either by implication from the express words therein " due or to become due * * * *on any* * * * *claims* * * * " (italics mine) " against said corporation heretofore or hereafter made or arising * * *," and (or) from the words " * * * or other * * * obligation incurred;" or not at all. This, for the reason that the payments otherwise by the corporate defendant to the assignor in the guaranty contemplated, are clearly each and all in a category other than that of *such damages for breach of contract.* After careful consideration and study I determine that the moving defendant is *not* liable to the plaintiff for any part of such damages. The rule of *strictissimi juris* applies —" a surety shall not be held beyond the precise stipulations of his contract." (*Smith* v. *Molleson,* 148 N. Y. 241, 246; and read *Hamilton Trust Co.* v. *Shevlin, supra.*) Clearly, the specific terms of the instant guaranty relate to payments by the corporate defendant to the assignor, *other than for such damages.* The guaranty being free from ambiguity, the liability of the individual defendant thereunder is *strictissimi juris.* (*Hamilton Trust Co.* v. *Shevlin, supra.*) The same rule applies in the construction of a contract of guaranty as is applied in considering other contracts (*Smith* v. *Molleson, supra; National Surety Company* v. *Seaich,* 171 App. Div. 414); and the intention of the parties to the guaranty is to be ascertained not by reading a single word or clause, but in case of doubt by giving effect to the instrument in its entirety. (*Schoellkopf* v. *Coatsworth,* 55 App. Div. 331; affd., 166 N. Y. 77.) In addition, a familiar principle of construction — the rule of *ejusdem generis,* " a special provision or description controls a general one " (28 C. J. 932) — applies herein, in our determination of the individual defendant's liability or nonliability. He is so liable, if at all, by reason of the presence of the words " on any loans or claims " and (or) " * * * or other * * * obligation incurred " therein; but, as these words follow specific reference to " notes, bills or accounts " for merchandise sold or delivered, the said rule makes necessary the conclusion

that " claims " signifies merely obligations of the corporate defendant of the same character as those in the instrument specifically referred to, due to the assignor from the principal debtor. " When specific terms are followed by a general term, the general term is restricted to things of the same kind or class and general terms are controlled by recitals as to the purpose of the parties." (Brandt on Suretyship & Guaranty [3d ed.], § 103, p. 220; *First National Bank of Waterloo* v. *Story*, 140 N. Y. Supp. 31, at p. 34.) The sole purpose recited in the guaranty was the inducement of the assignor " to extend credit " to the corporate defendant. If the intention of the parties was that the individual defendant, in the case of the corporate defendant's default, should pay the damages herein sought to be recovered, appropriate language was available for the expression of such (in that event) intention; it is significant that such language was not used. My view as to the non-liability of the individual defendant finds support in eminent authority. (*First National Bank of Waterloo* v. *Story*, 140 N. Y. Supp. 31; affd., 163 App. Div. 279; affd., 222 N. Y. 562.) The language of Justice SUTHERLAND (140 N. Y. Supp. 31, at p. 34) is very pertinent: " While the general words ' any indebtedness or liability' and ' obligations * * * of every name and kind * * * purchased or obtained,' standing alone, would be sufficient to cover the 15 bonds acquired by the bank from Kendig, yet when they are read in the light of the manifest purpose for which the instrument came into existence, and in connection with the specific words in the guaranty which refer to notes, drafts, etc., of the Organ Company, taken by the bank for the benefit of the Organ Company, these general words should be limited in application to obligations taken by the bank for the benefit of the company."

Summarizing, I decide (a) that the damages for breach of contract herein sought to be recovered are not contemplated in the express terms of the guaranty or in any legal implication therefrom; (b) that the individual defendant is not liable to the plaintiff therefor, and (c) that the motion for judgment upon the pleadings, upon the ground assigned in the notice of motion, should be and the same hereby is granted, and judgment directed in favor of the individual defendant dismissing the complaint upon the merits as to such defendant, with costs of the action and ten dollars costs of the motion. Ordered accordingly. Settle order on notice.