Isaac Zitlin, Appellant, *v.* Max Heit Dress Corporation, Respondent.

Supreme Court, Appellate Term, First Department, April 19, 1934.

*Apfel & Apfel* [*Joseph R. Apfel* of counsel], for the appellant.

*Harry A. Schwartz,* for the respondent.

Per Curiam. The actual decision in *Crawford* v. *Mail & Express Publishing Co.* (163 N. Y. 404) has in effect been modified by subsequent cases. There is no distinction between a case where a contract of employment for a definite period provides that the services are to be rendered to the satisfaction of the employer, and one where such contract provides that if the employer is dissatisfied with the services rendered he may discharge with or without notice. In either event the dissatisfaction must be genuine and not feigned. It " must be real and must be the cause of the discharge in order to justify the same." (*Studner* v. *H. & N. Carburetor Co.,* 185 App. Div. 131; affd., 230 N. Y. 534.) (See, also, *Ginsberg* v. *Friedman,* 146 App. Div. 779; *Diamond* v. *Mendelsohn,* 156 id. 636; *Beck* v. *Only Skirt Co.,* 176 id. 867; *Delano* v. *Columbia Machine Works,* 179 id. 153; affd., 226 N. Y. 660.)

Upon proof of a valid contract and discharge, the burden is undoubtedly on the defendant of coming forward with evidence that the employee was discharged because of dissatisfaction, and

it is true that such dissatisfaction must be genuine; but the burden of proof on the whole case is on the plaintiff and he must show that the dissatisfaction was not genuine. (*Delano* v. *Columbia Machine Works, supra.*) The state of the employer's mind is a fact to be ascertained by the jury on the evidence introduced. The employer's denial of satisfaction would not be conclusive. " The state of a man's mind is as much a fact as the state of his digestion." (*Edginton* v. *Fitzmaurice*, 29 Ch. Div. 459, 483, per BOWEN, L. J.)

Order affirmed, with twenty-five dollars costs to respondent to abide the event.

All concur; present, LYDON, FRANKENTHALER and SHIENTAG, JJ.